# Perkins *v.* Birmingham Southern Railroad Company.

*Action by Employe against Employer for Damages for Personal Injury.*

[Decided Feb. 13th, 1902.]

1. *Wanton injury; pleading; injury with knowledge or notice of plaintiff's peril; general charge.*—In an action by an employe against his employer for personal injuries, a count in the complaint alleged that defendant's engineer, "who had charge or control of said engine upon said railway, wantonly or intentionally caused plaintiff to suffer the injuries and damage" complained of, "in the manner following, viz: Said engineer, with knowledge or notice that plaintiff was in a position in reference to said car or cars where he was in great danger of being run upon or against or dragged by said car, or cars, and with knowledge or notice that said car or cars could be stopped and injury prevented by means of said engine, wantonly or intentionally failed to stop said car or cars and prevent said injuries as aforesaid." *Held:* That said count stated no cause of action, and that on trial on issue joined thereon the general affirmative charge for defendant was proper.

APPEAL from Jefferson Circuit Court.

Tried before Hon. A. A. COLEMAN.

Action by Henry Perkins to recover damages from his employer for personal injuries to plaintiff while engaged as a switchman. The complaint as originally filed contained seven counts, but all but the seventh were

[Perkins v. Birmingham Southern Railroad Company.]

withdrawn by the plaintiff. The seventh count, after alleging the date, nature and character of the plaintiff's injuries, and the fact of his employment by defendant, alleged that defendant's engineer (naming him) "who had charge or control of said engine upon said railway, wantonly or intentionally caused plaintiff to suffer the injury and damage complained of, in the manner following, viz: said engineer, with knowledge or notice that plaintiff was in a position in reference to said car or cars where he was in great danger of being run upon or against or dragged by said car or cars, and with knowledge or notice that said car or cars could be stopped and injury prevented by means of said engine, wantonly or intentionally failed to stop said car or cars and prevent said injuries as aforesaid." Demurrers to this count having been overruled, defendant filed the plea of the general issue and a special plea setting up that plaintiff voluntarily assumed the risk of said injury, with notice or knowledge of his danger. Plaintiff's demurrers to this special plea were overruled, and the trial was had on issue joined on said two pleas. At the close of the evidence the court, at defendant's request, gave the general affirmative charge in its favor. This action of the court and the overruling of plaintiff's demurrers to defendant's special plea are assigned as error.

BOWMAN & HARSH, for appellant.

SMITH & WEATHERLY, for appellee.

DOWDELL, J.—The judgment in this case is affirmed on the authority of the *Southern Railway Co. v. John B. Bunt.* decided at the present term of this court.
Affirmed.