# Sloss-Sheffield Steel & Iron Co. *v.* Holloway.

## *Action for Damages for Injury to Employe.*

[DECIDED JUNE 30, 1905, * 40 So. REP. 211.]

1   *Appeal; Questions Reviewable; Pleadings.*—This court will not review the objections to the sufficiency of the allegations of a count raised by demurrer when no judgment on the demurrer is shown.

2   *Master and Servant; Injury to Servant; Negligence; Duty of Master; Delegation.*—Under subdivision 2 of § 1749 of Code 1896, where a superintendent, intrusted by defendant with superintendence of the construction of a scaffold, failed personally to overlook the work and inspect the scaffold, which fell by reason of the negligence of the men constructing it and injured one of defendant's employes, defendant was liable for injuries caused thereby, although the superintendent selected competent men, provided proper material, and gave proper instructions as to the erection of the scaffold; the duty to provide safe places, plants, etc., being a non-delegable duty, the servant becomes the agent of the master.

3.  *Death; Damages; Deduction.*—The fact that intestate had saved some money which his widow then had would not be material, as that fact would not avail to reduce the amount of recovery.

*Rehearing denied January 30, 1906.

APPEAL from Colbert Circuit Court.

Heard before Hon. E. B. ALMON.

This was an action by Holloway as administrator for damages for the death of his intestate, an employe of the defendant. The pleadings are not necessary to be set out, as the opinion does not discuss them.

The evidence tended to show that the plaintiff's intestate was at work repairing a blast furnace belonging to defendant and for the purpose of enabling him to do the work the defendant erected a scaffold around the stack, and that this scaffold fell from having been negligently constructed. The defendant set up that this duty was

entrusted to Williams, who employed competent men and furnished them suitable and proper material from which to build said scaffold, but that Williams did not overlook the work, and left it to the carpenters he had employed. It fell and killed plaintiff's intestate in the fall.

For the purpose of properly raising the defense insisted on in this case, the defendant requested the following charges in writing which were refused by the trial court:

1. If the jury believe the evidence, they must find for the defendant. 2nd, if the jury believe the evidence they cannot find for the plaintiff under the third count in the complaint. 3rd, if the jury believe the evidence, they must find from it that the witness Williams was not guilty of negligence if he gave proper instructions to competent carpenters and furnished them proper material for the construction of the scaffold that fell and killed intestate, although the witness Williams was not present during its construction. 4th, if the jury believe from the evidence that the witness Williams gave proper instructions to competent employes to build the scaffold that fell, and furnished to them proper material for its construction, and if the jury believe from the evidence that the said Williams was kept from being present at its construction by the fact that his duty required him to work with his hands in the pattern shop, and if the jury believe from the evidence that Williams had no reasonable opportunity after the scaffold was built and before it fell to discover that it was defective, and did not in fact know that it was defective, the jury must find for the defendant. 5th, it was not the duty of the witness Williams, under the evidence in this case, to remain at the scaffold while it was being constructed by the men who had instructions to do so, provided he had given them proper instructions. 6th, the mere fact that the men who built the scaffold did not build it properly does not show that the men who built the scaffold were incompetent carpenters. 7th, the fact that the men who built the scaffold built it improperly cannot be considered by the jury in determining whether the witness Williams used reasonable diligence in selecting competent men to erect the scaffold.

the scaffold. 8th. if the jury believe from the evidence that the witness Williams had duties of manual labor to perform in the pattern shop which kept him from being present at the building of the scaffold, and if the jury believe that Williams gave proper instruction about the building of it, then Williams was not guilty of negligence in not being present while this was being done. 9th, if the jury believe from the evidence that it was not the duty of the witness Williams to remain at the place where the scaffold was being constructed until it was completed, in order to see if proper material was used, and that the scaffold was properly built, and if the jury believe from the evidence that the witness Williams gave proper instructions to the men who built it as to its construction, and as to where to get the material to properly build it; and if the jury believe that the said men who built it, negligently disobeyed his order and got the piece of timber which broke from a place different from that in which he had directed them to get it, without the knowledge of Williams, then the court charges the jury that Williams was not guilty of negligence and their verdict should be for the defendant. 10th, if the jury believe from the evidence that the men who built the scaffold which fell and killed intestate. were employed by the witness Williams, and when employed by him were well recommended as competent carpenters, and that after he employed them, and during the time before the accident happened, the said Williams determined reasonably from their work that they were competent carpenters for building the scaffold which fell, then the said Williams would not be guilty of negligence in directing the said men to build the scaffold provided he properly instructed the said men in regard to its construction, and showed them where to get proper material with which to build it.

The court in its oral charge to the jury said: "If you find for the plaintiff the measure of his damages would be such sum as being put to interest would each year of the period during which the jury might find from the evidence the intestate would have lived, had he not been killed as alleged, by taking a part of the principal and adding it to the interest, yield the amount the jury might

[Sloss-Sheffield Steel & Iron Co. v. Holloway.]

find from the evidence intestate would have contributed to the support of his family, excluding what he spent on himself, annually, and as that the whole remaining principal at the end of said period, added to the interest on this balance for that year, would equal the amount which the jury might find from the evidence the intestate would have contributed that year to the support of his family, excluding his own expenses; providing in no case to assess plaintiff's damages at more than $2,000, the amount sued for. The defendant excepted to this portion of the court's oral charge.

There was verdict and judgment for the plaintiff for $2,000.00 and the defendant appeals.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The affirmative charge for appellant should have been given. The evidence shows without conflict that the accident occurred not more than an hour and a half after Williams put carpenters to work on the scaffold. A large part of this time would necessarily be consumed in collecting material, and in building the scaffold, and it could have been only a short time after its completion before it fell. The record shows that no notice was given Williams of its completion and that he had no actual knowledge that it was completed until he knew of its fall. He therefore had no means of inspecting it. The record fails to show any negligence on Williams part.—*Laughran v. Brewer*, 113 Ala. 517; *P. C. T. Co. v. Hulsey*, 115 Ala. 201; *Fitzgerald v. B. & A. R. R. Co.*, 31 N. E. 7 (Mass.); *Carroll v. Willcut*, 39 N. E. (Mass.) 1016; *Burn v. Washburn*, 36 N. E. (Mass.) 199; *O'Keefe v. Bromwell*, 30 N. E. (Mass.) 479.

Charge 3, refused to defendant, should have been given. *Burns v. Washburn*, 160 Mass. 457, 36 N. E. 199; *Carroll v. Willcutt*, 163 Mass. 221, 39 N. E. 1016.

The fourth charge refused to defendant should have been given. Authorities, *supra*. The fifth charge should have been given on the authorities cited to third charge. The other charges asked by defendant and refused by the court should have been given. Authorities above cited.

KIRK, CARMICHEAL & RATHER, for appellee.—The complaint is good.—Code 1896, § 1749; *S. M. Co. v. Woodson,* 94 Ala. 143; *Hall v. Posey,* 79 Ala. 84; *L. & N. v. Coulton,* 86 Ala. 129; *G. P. R. Co. v. Propst,* 85 Ala. 203; *W. I. Co. v. Herndon,* 114 Ala. 191; *Booskin v. K. C. & M. B. R. R. Co.,* 114 Ala. 399; *C. & W. R. R. Co. v. Bradford,* 86 Ala. 573.

The superintendent must not only use due care in the selection of the material of the scaffold, but must see that it is properly constructed. Otherwise he is negligent. *K. C. M. & B. R. R. Co. v. Burton,* 97 Ala. 246; *Dantzlers case,* 101 Ala. 310. Independent of the statutes the law requires employers to use due care for the prevention of injuries to their employes from defective conditions in such places as the employes have to work.—*N. A. Ry. Co. v. Mansell,* 30 So. Rep. 463. A master cannot delegate to another the duty to furnish safe appliances, plant, machinery and place for his servant to work and absolve himself from liability.—4 Amer. Neg. Rep. 259 (Ill.); *Dantzler's case,* 101 Ala. 315.

As a matter of law the mere want of knowledge of the superintendent of the existence of the danger to which plaintiff's intestate was exposed was no defense to the action, if he did not exercise reasonable diligence to ascertain that fact, and this question was properly submitted to the jury.—*Robinson Mining Co. v. Tolber,* 132 Ala. 462.

TYSON, J.—The first and second counts of the complaint were eliminated from our consideration on this appeal by the giving of the general affirmative charge as to each of them at defendant's request. The third count is framed under the second subdivision of section 1749 of the Code of 1896, known as the "Employers' Liability Act." A demurrer was interposed to this count, but no judgment appears to have been rendered upon it. The objection taken to the sufficiency of its allegations by the demurrer is not, therefore, before us for review.

This count alleges that plaintiff's intestate was injured while in the discharge of his duties as an employe of the defendant by the falling of a scaffold upon which he was standing while at work in repairing the furnace

of defendant; that his injuries were caused by reason of the negligence of one Williams, to whom the exercise of superintendence had been intrusted by defendant of the scaffold; that Williams negligently permitted and suffered the scaffold to be constructed in an unsafe way; in that defective and unfit material was used in its construction, so that it was dangerous and unfit for the purpose for which it was intended. It is conceded that the scaffold was improperly constructed, not only as to workmanship, but also as to the material used in it. It is also conceded that the evidence shows without dispute that Williams was the superintendent of the carpenters employed at the furnace, and that it was his duty as such superintendent to have this scaffold properly built. It is insisted, however. that because Williams pointed out to Miller and Spencer, the two carpenters who built the scaffold, the proper material to be used in its construction, and directed them to construct it of that material and how and when it should be built, he discharged his full duty to plaintiff's intestate; that, having done this much, if Miller and Spencer were competent carpenters, the defendant was not liable for their disobedience to his orders.

The argument is that it was not Williams' duty to build the scaffold himself. His duty was simply to superintend its construction; that he had the right to delegate its construction to Miller and Spencer, provided they were competent men and properly instructed. This was only a part of the duties required of him. The superintendence intrusted to him imposed upon him the duty, not only to direct the carpenters as he did, but to overlook or inspect their work; to see that they built a safe scaffold. —Dresser on Emp. Liability, § 63; *Dantzler v. Debardeleben Coal Co.,* 101 Ala. 314, 14 South. 10, 22 L. R. A. 361; *Robinson Mining Co. v. Tolbert,* 132 Ala. 469, 31 South. 519. If he trusted its construction to Miller and Spencer, and they were negligent, he cannot avoid the responsibility imposed upon him by asserting that they disregarded his orders, any more than a master, independent of the statute, could absolve himself of liability by delegating to another the duty he owes of ex-

ercising reasonable care in furnishing a safe place to his servant to work by showing that the delegated person was competent and disobeyed his instructions. The principle upon which the master was held liable in such cases is that his obligation is direct and personal, and, while he may delegate this duty to another, such person is his agent and stands in his place.—McKinney on Fellow Servants, p. 73; 4 Am. Neg. Reports, p. 257, and cases there cited. So here Williams' obligation to plaintiff's intestate by virtue of the superintendence intrusted to him was personal, and he could not rid himself of the duty of exercising reasonable care in providing a safe scaffold by delegating the performance of that duty to Miller and Spencer, conceding that they were in all respects competent. The several written charges refused to the defendant were not in harmony with these views, and their refusal was proper.

We are unable to see how the defendant was prejudiced by that part of the oral charge of the court to which an exception was reserved. It is true the court did not refer to the testimony that plaintiff's "intestate may have saved some money out of his earnings, which his widow had at the time of his death;" but, if that fact had been established, clearly it would not have reduced the amount of the recovery.—*L. & N. R. R. Co. v. Trammell,* 93 Ala. 350, 9 South. 870.

Affirmed.

McClellan, C. J., and Anderson and Denson, JJ., concur.

