# Louisville & Nashville R. R. Company *v*. Lile.

*Action for Damages for Injury to Employe.*

(Decided Feb. 15, 1908. 45 South. 698.)

1. *Appeal; Transcript; Organization of Court; Presumption.*—A transcript is not defective as not showing the organization of court because it fails to set out the presence of the clerk and sheriff, where the organization is otherwise sufficiently shown, and their presence will be presumed in the absence of an affirmative showing to the contrary.

2. *Same; Misdescription of Judgment.*—A misdescription in an appeal bond as to the date of the judgment is not fatal to a review of the cause where it is clear from the other recitals in the bond that the date given is a misdescription, and there is no other similar judgment appealed from.

3. *Same; Waiver of Objection.*—A submission of a cause for decision on its merits is a waiver of the right to object for want of an appeal bond where no such objection was interposed previous to or at the time of its submission.

4. *Master and Servant; Injury to Servant; Complaint.*—A complaint, in an action for injuries resulting from employment of an unskilled employe, which alleges that the employe is seventeen years old and unskilled and that being blind in one eye he was not a fit or proper person to do the work, is not open to demurrer for a failure to allege that the absence of the eye impaired the employe's efficiency.

5. *Appeal; Review; Harmless Error.*—Where a count in the complaint is abandoned before the cause is submitted to the jury any errors in overruling demurrers to such count are harmless and will not be reviewed on appeal.

6. *Master and Servant; Injury to Servant; Complaint.*—A complaint drawn under subdivision 1, section 1749, Code 1896, is not demurrable for not alleging the name of defendant's servants whose duty it was to see that the ways, works, plant, machinery, etc., was in proper condition.

7. *Same; Construction of Complaint.*—A complaint alleging the injuries to have been caused by the furnishing of an unsafe machine with which to work knowing it to be unfit and the employment of an incompetent servant who was to assist and did assist in its operation, is predicated upon the common law liability and not upon the statute.

8. *Same; Sufficiency.*—Where the complaint alleged the negligence in the furnishing of an unsafe machine for the loading of billets of

steel on a wagon and that the machine furnished was unsafe and out of repair, such complaint was not demurrable as for a failure to allege that the machine was unsafe.

9. *Same; Fellow Servants, Who Are.*—One who improvises the machinery to do the work of defendant, employs men to assist him in running it and has the power to discharge such men is not a fellow servant of the men working under him.

10. *Same; Instructions.*—An instruction asserting that the jury were authorized to find for plaintiff if the machine furnished by defendant was unsafe and out of repair and by reason thereof plaintiff was injured, provided defendant has not proved any of his pleas is not objectionable as for a failure to negative plaintiff's knowledge of the fact that the machine was unsafe where that fact was made a defense by special plea.

11. *Trial; Instructions; Request for.*—The court being bound to give or refuse written instructions as requested will not be put in error for refusing an instruction that is unintelligible.

12. *Appeal; Review; Harmless Error.*—The giving or refusing of argumentative instructions is harmless error for which the judgment will not be reversed.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Harry Lile against the Louisville & Nashville Railroad Company for injuries received while in their employment. From a judgment for plaintiff, defendant appeals. Affirmed.

The second count was abandoned. The first, third, and fourth counts are sufficiently set out in the opinion. The allegation of negligence in the fifth count is the furnishing of an unsafe machine with which to load billets of steel on a wagon on defendant's railroad track, and that the machine furnished was unsafe and out of repair.

The following charges were given at the request of the plaintiff: (2) "Under the undisputed evidence in this case, I charge you that Mack Brown was not a fellow servant of this plaintiff within the meaning of the law." (8) "Gentlemen of the jury, if, after a consideration of all the evidence in this case, you are reasonably satisfied that the machine furnished by the defendant for the purpose of removing said billets of steel was unsafe and out of repair, and that by reason thereof plaintiff was

injured, then, gentlemen, your verdict should be for the plaintiff in this case, provided defendant has not proven any of his pleas." (9) "Gentlemen of the jury, if, after considering all the evidence in this case, you are reasonably satisfied that Tom Trotter, when in the employment of the defendant at the time plaintiff was injured, was unskilled in the work of placing the tongs or hooks around or about the billets of steel, and that he was a youth about 17 years old and blind in one eye, and that because of these things that he was not a fit and proper person to do said work, and if you find that this was known to defendant's foreman, Mack Brown, I charge you that it was then known to the defendant; and if you further find that Tom Trotter negligently failed to clasp the tongs or hooks about a billet of steel, and in consequence thereof plaintiff was injured, your verdict should be for the plaintiff, unless the defendant has proven some one of his pleas." (10) "Gentlemen of the jury, if, from the evidence in this case, you find that plaintiff has been permanently injured through the fault of the defendant, as is averred in the complaint, or some one count thereof, and that defendant has failed to prove any of its pleas, then you should give plaintiff substantial damages, and in assessing these damages you should treat the plaintiff with the same fairness as you would a white man in his place."

The following charge was refused to the defendant: "If you believe, from the evidence, that plaintiff was warned of a dangerous place to stand, and also informed of a safe place to stand, while loading billets, and that plaintiff could have performed his duties properly 'as' said safe place, and knew said dangerous and safe places, and selected a dangerous place, where he was injured, he was guilty of negligence contributing to his injury complained of, and your verdict should, in this event, be for the defendant."

[Louisville & Nashville R. R. Company v. Lile.]

There was judgment for the plaintiff in the sum of $454.16, and defendant appeals.

JOHN C. EYSTER, and LOWE & TIDWELL, for appellant. Counsel discuss the pleading but cite no authority in support of their contentions. Charge 8 for the plaintiff was improperly given.—*Eureka Co. v. Glass*, 81 Ala. 200; *H. A. & B. R. R. Co. v. Walters*, 91 Ala. 435; *G. P. R. R. Co. v. Davis*, 92 Ala. 300; *Bir. etc., R. R. Co. v. Allen*, 99 Ala. 359; *L. & N. v. Banks*, 104 Ala. 508; *L. & N. v. Stutts*, 105 Ala. 368. Charge 9 requested by the defendant should have been given.—*H. A. & B. R. R. Co. v. Walters, supra.* On the same authority charge 18 should have been given.

BROWN & KYLE, for appellee. Counsel contend that the appeal should be dismissed first because the record does not sufficiently show the organization of the court. —*McDonald v. Penniston*, 1 Neb. 324; *Skinner v. Beshoar*, 2 Colo. 383; *Thomas v. Daniel Bros.*, 42 South. 623. Second, that it is not shown by the record that the judgment has ever been appealed from.—*Miller v. Stewart*, 9 Wheat. 680; *Jenkins v. Skillcrn*, 5 Ycrg. 288; *Noppinger v. Hartnett*, 84 Mo. 549; *Lang v. Pike*, 27 Ohio St. 498; *Flourney v. Mims*, 17 Ala. 36; *Kimbrell v. Rodgers*, 90 Ala. 343; *Cary v. cDougal*, 25 Ala. 115; *Reynolds v. Cox*, 108 Ala. 276; Sec. 439, Code 1896. Most of the errors assigned are waived because not mentioned in brief.—*Western Ry. Co. v. Arnett*, 137 Ala. 414. The assignment of error to the 3d count is not sufficient to induce review by this court.—129 Ala. 169. Count 2 was abandoned and no error can be predicated thereon. —*Southern Ry. Co. v. Burke*, 131 Ala. 591; *M. L. & R. Co. v. Walsh*, 40 South. 563. The court properly overruled the demurrers to the complaint.—*Postal Tel. Co.*

*v. Jones,* 133 Ala. 225; *Northern Ala. Ry. Co. v. Shea,* 142 Ala. 126. The demurrer to the 3rd count was properly overruled.—142 Ala. 126; 114 Ala. 191. Count 5 was good against demurrer.—*Southern Ry. Co. v. Burgess,* 143 Ala. 364; *L. & N. v. Marbury,* 125 Ala. 237; *K. C. M. & B. R. R. Co. v. Burton,* 97 Ala. 244; *L. & N. v. Mothershed,* 97 Ala. 265. Brown was a vice principal and not a fellow servant.—*Tutwiler C. C. & I. Co. v. Farrington,* 144 Ala. 168; 150 U. S. 349; 149 U. S. 266; *A. G. S. v. Vail,* 142 Ala. 134; *M. & M. Ry. Co. v. Smith,* 59 Ala. 246.

TYSON, C. J.—It is undoubtedly true that it is necessary, in order to give this court jurisdiction, that the transcript upon appeal should show the organization of the trial court. In the present record it is made to appear that this cause was tried and judgment rendered at the regular term of the circuit court of Morgan county, begun and held at the courthouse thereof on the day fixed by the statute for holding the same, and that the judge who presided was the judge of that circuit. The point is made that it does not appear that the clerk and sheriff were present at the organization. This is wholly unimportant. It will be presumed, if their presence should be deemed necessary, that they were present, in the absence of affirmative showing to the contrary.

It is next insisted in brief of counsel that the appeal should not be entertained for the reason that the appeal bond, in describing the judgment rendered and from which the appeal is prosecuted, shows it to have been rendered on the 10th day of May, 1906, whereas the judgment was in fact rendered on the 8th day of May, 1906. In detemining whether this misdescription is fatal, thereby rendering the bond inefficacious, the correct rule seems to us to be that if, from other elements of descrip-

[Louisville & Nashville R. R. Company v. Lile.]

tion of the judgment contained in the bond, it can be ascertained with reasonable certainty that no other judgment than the one shown by the record was appealed from, the bond is not invalid, but is binding. In other words, the bond, on account of the misstatement of the date of the judgment, is not void, where the judgment may be identified with reasonable certainty from the remaining description of it in the bond.—1 Ency. Pl. & Pr. 981, 982, and note; 2 Cyc. pp. 882, 883. The bond under consideration, it seems to us, possesses these elements of description, which plainly show the misdescription as to date to be a mere clerical error, and that it was given as a supersedeas of the only judgment rendered against the defendant in favor of the plaintiff, and is perfectly valid. But, if this be not true, in the absence of any appeal bond, the jurisdiction of this court to review the judgment is clear and beyond controversy; and the failure of the appealing party to give such a bond is a mere irregularity, which the appellee may waive.— *Thompson v. Lee,* 28 Ala. 453. And this he does when he appears and interposes no objection to the irregularity upon the submission of the cause for decision upon its merits, as was done in this case.—2 Cyc. 882, 883; Elliott's App. Pro. § 684.

This brings us to a consideration of the merits of the appeal. The first count of the complaint seeks a recovery by plaintiff for his injuries on account of the alleged employment by defendant of an incompetent servant, to whose conduct in the performance of the service committed to him the injuries inflicted are ascribed. The name of that servant was Tom Trotter, who, it is alleged, "was about 17 years of age, possessing only one eye." It is further alleged that "Trotter was unskilled in the work, and because of being blind in one eye was not a fit or proper person to do said work, all of which was well

36 R

known to defendant, and the said Trotter being incompetent as aforesaid to the knowledge of defendant," etc. The objection taken to the count by demurrer was this: "It is not alleged in said count that the lack of one eye in said Trotter imperiled his efficiency." It is plain that the objection was not well taken.

The plaintiff's abandonment of his right of recovery upon the second count, in the manner shown by the record, renders it unnecessary to determine the correctness of the ruling of the court upon the demurrer interposed to that count.—*Southern Ry. Co. v. Bunt,* 131 Ala. 591, 32 South. 507.

Count numbered 3 was drawn under subdivision 1 of section 1749 of the Code of 1896. The only objection urged against its sufficiency is that it does not aver the name of the defendant's servant to whom was intrusted the duty of seeing that its ways, works, machinery, or plant were in proper condition. The objection was not well taken.—*McNamara v. Logan,* 100 Ala. 187, 14 South. 175; *Woodward Iron Co. v. Herndon,* 114 Ala. 191, 21 South. 430; *Northern Ala R. R. Co. v. Shea,* 142 Ala. 119, 37 South. 796.

The fourth count is not framed, as seems to be thought by appellant's counsel, under the statute (section 1749, Code 1896), but, is clearly predicated upon a common-law liability, towit, the furnishing by defendant of an unsafe machine, knowing it to be unfit, with which to do the work, and the employment of an incompetent servant, who was to assist, and did assist, in its operation, both combined causing plaintiff's injuries.—*Bridges v. T. C., I. & R. Co.,* 109 Ala. 287, 19 South. 495. The first objection urged against its sufficiency by demurrer, that the name of the person who improvised the adaptation of the machine to the work which was to be done is not alleged to be unknown to plaintiff, is directly in

the teeth of the averment. If it be conceded that the count as originally framed (which, as copied in the transcript, is elliptical) was defective with respect to averring the authority of this unnamed person, because unknown, to act for defendant, this defect was cured by the subsequent amendment of the count . The other grounds of demurrer proceed upon the theory that the count joins a cause of action under the statute and one at common-law. This, we have shown, is not true. They were, therefore, not well taken.

The assignment of demurrer to the fifth count does not raise the question argued in brief of appellant's counsel. Indeed, the question raised by the demurrer is not insisted upon. However, the point made in brief is the count does not aver that the machine was unsafe. This assertion is clearly in the teeth of the averment. No one of these counts was subject to the objections taken to it, and the rulings of the court in this respect were free from error.

The testimony without dispute established that Mack Brown, who improvised the machine, so as to work it by a lever, instead of by air, for hoisting the iron or steel billets, did so as foreman of the servants who were to operate it, and that it was his duty to furnish the machine as so improvised by him, and, further, that he was authorized to employ, and did employ, Trotter and the other servants of defendant who operated the machine on the occasion of plaintiff's injuries, with authority to discharge any one or all of them. The committal to him by the defendant of the authorization to furnish the machine and to employ Trotter and his associate servants was the conferring upon him of the right to discharge a personal and nondelegable duty, and in the discharge of that duty he acted as the agent of the defendant and was its alter ego; and if he furnished an unsafe

[Louisville & Nashville R. R. Company v. Lile.]

machine, and employed an incompetent servant, as alleged in several counts of the complaint, which the testimony tended to support, the defendant is liable at common law. And on the undisputed proven facts, stated above, Brown was not, as matter of law, a fellow servant of the plaintiff.—*Tutwiler Coal Co. v. Farrington,* 144 Ala. 157, 39 South. 898; *Sloss-Sheffield Co. v. Holloway,* 144 Ala. 280, 40 South. 211; *A. G. S. R. Co. v. Vail,* 142 Ala. 134, 38 South. 124. There was, therefore, no error in the giving of the written charge numbered 2, at plaintiff's request.

The criticism of charge 8 given for plaintiff is clearly unfounded. It is urged against the correctness of this charge that it does not negative plaintiff's knowledge of the fact that the machine was unsafe. Plaintiff's knowledge of the condition of the machine was defensive matter, and was invoked as a defense in this case by special pleas The charge only authorized the jury to find for the plaintiff upon a belief of certain. facts, "provided defendant has not proven any of the pleas." It is apparent that the criticism, as we have said, is wholly without foundation.

The criticism indulged against charge 9 is wholly inapplicable to it. Counsel must have had in mind written charge 10. But the criticism, if applied to the latter charge, can avail nothing. The most that can be said against it is that it is argumentative. The giving of it was not reversible error.—*Bray v. Ely,* 105 Ala. 553, 17 South. 180; *Karr v. State,* 106 Ala. 1, 17 South. 328; *Baldwin v. State,* 111 Ala. 11, 20 South. 528.

The use of the word "as," instead of "at," in charge 18, refused to defendant, without more, is a sufficient reason to sustain the action of the trial court. This may seem technical; but, as the trial court is without authority to change the verbiage of a written charge requested,

and must give it in the exact language in which it is asked, he cannot be put in error for refusing, as was here done, a charge that is verbally inaccurate and unintelligible.—*Hooper v. State*, 106 Ala. 41, 17 South. 679; *Thomas v. State*, 124 Ala. 48, 57, 27 South. 315; *Tutwiler Coal Co. v. Enslen*, 129 Ala. 336, 346, 30 South. 600; *Southern Coal Co. v. Swinney*, 149 Ala. 405, 42 South. 809; *McWhorter v. Bluthenthal et al.*, 136 Ala. 568, 33 South. 552, Am. St. Rep. 43.

We have considered every assignment insisted on, and find no reversible error in the record.

Affirmed.

DOWDELL, ANDERSON, and McCLELLAN, JJ., concur.