# Harbison-Walker Refractories Co. v. Ross.

### Damage for Injury to Servant.

(Decided June 3, 1913.　62 South. 1009.)

1. *Master and Servant; Injury; Complaint; Language of Statute.* —A complaint brought under subdivision 2, section 3910, Code 1907, which alleges the negligence generally in the language of the statute, is sufficient.

2. *Same; Assumption of Risk; Statutory Provision.*—Assumption of risk is not a defense to an action for injuries to a servant brought under subdivisions 2 and 3, section 3910, Code 1907.

3. *Same; Negligent Orders.*—A negligent order may result from the failure to refrain from giving an order under circumstances which will probably result in injury, as well as the giving of a negligent order.

4. *Same; Superintendent; Statutory Provision.*—Subdivisions 2 and 3, section 3910, Code 1907, authorize distinct causes of action, and under subdivision 3, it is not necessary to prove that the person whose orders plaintiff obeyed was a superintendent.

5. *Charge of Court; Ignoring Issues.*—Charges which ignore issues made by either the pleading or the evidence are properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. WILLIAM M. WALKER.

Action by Charles Ross against the Harbison-Walker Refractories Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

Count 3, after stating the relation of employer and employee between plaintiff and defendant, and that it was the duty and within the line and scope of employment with plaintiff to handle certain brick used in the business of defendant, and that plaintiff was injured by the fall of a stack of said brick, alleges as follows: "Plaintiff alleges that all of his said injuries and damages were proximately caused by reason of the negligence of one Mr. Funk, whose name is to the plaintiff otherwise unknown, but who was then and there a superintendent of the defendant company, and said negligence occurred whilst in the exercise of such superintendence." Count 4 states the same cause of action, with the allegation that all of said injuries and damages were proximately caused by reason of the negligence of a person in the service or employment of defendant to whose orders and directions plaintiff at the time of his injuries was bound to conform and did conform, and his said injuries resulted from his having so conformed. Plea 2 to counts 3 and 4 is that said plaintiff was engaged in putting in suitable condition the said pile or stack of brick which he alleged fell upon and injured him, and in taking down and restacking said brick so that any and all defect or defects which then existed in the way and manner in which said brick was stacked, or which tended to make them dangerous, should be corrected, and that said plaintiff voluntarily entered upon said work of restacking said stack or pile of brick, and repairing all defects, which then existed in the manner in which they were so placed, or which tended to make them dangerous, and that then and there, by the undertaking of said work, plaintiff assumed the risks which were obviously incidental to the work of construction or repair, and that the alleged injury of plaintiff, if there was any, was the result of the risks

assumed by him. The complaint was afterwards amended as to count 4 by alleging that one Oscar Nunn negligently ordered plaintiff to go and be at the place where he was injured as aforesaid, knowing that it was dangerous to be there, or ought to have so known, and by the exercise of reasonable diligence could have so known.

Charge 15 refused to defendant is as follows: "If the jury believe from the evidence that, at the time plaintiff entered upon the work in which he was engaged at the time of the injury, he knew and appreciated the danger from the falling of said stack of brick, and, being aware of such danger, voluntarily entered upon such work, then the plaintiff assumed the risk of being injured by the falling of said brick, and your verdict should be for the defendant." (16) "The burden is on plaintiff to prove negligence on the part of the defendant, or of some person in the service or employment of defendant and intrusted by it with the duty of seeing that the ways, works, machinery, or plant were in proper conditions, or of defendant's superintendent, Mr. Funk; and, unless you believe from the evidence that some one of them has been guilty of negligence, then your verdict should be for defendant." (21) "If you believe from the evidence that plaintiff was injured by reason of the particular defective manner in which the bricks were stacked in the stack of No. 105 brick, which defect plaintiff was set to remedy, and that the danger of correcting said defective manner in which said bricks were stacked was obvious to plaintiff at the time he entered upon the work of correcting said defective condition, then you cannot find for plaintiff in this case." (22) "If the jury believe from the evidence in this case that the place at which the plaintiff was put to work was at the time he was put to work

a reasonably safe place in which to work, and continued to be a reasonably safe place to work up to the time that defendant's superintendent, Mr. Funk, last saw it before the accident, and if you further believe that Oscar Nunn did not have superintendence over plaintiff, you cannot find for plaintiff under the first count."

NATHAN L. MILLER, and N. A. GRAHAM, JR., for appellant. The court erred in overruling demurrers to count 2.—*So. Ry. v. Guyton,* 122 Ala. 231; Sec. 5321, Code 1907. The court erred in sustaining demurrer to plea 2, as an answer to count 3 and 4.—*Mobile E. Co. v. Sanges,* 169 Ala. 341; *So. Cot. O. Co. v. Walker,* 164 Ala. 33; *Sloss-S. S. & I. Co. v. Knowles,* 129 Ala. 410; *Tobler v. Pioneer M. & M. Co.,* 166 Ala. 482; *Walton v. T. C. & I.,* 166 Ala. 538. On these same authorities assignments of error 4 and 5 should be sustained. The court erred in refusing charge 18.—*A. G. S. v. Hudson,* 164 Ala. 143; *Tobler v. Pioneer M. & M. Co., supra; Coosa Mfg. Co. v. Williams,* 133 Ala. 606. Charges 20 and 21 should have been given.—Authorities supra.

ALLEN & BELL, for appellee. The counts were drawn in the language of the statute, and were, therefore, sufficient.—*Creola L. Co. v. Mills,* 149 Ala. 474. Pleas of assumption of risk afford no defense to actions brought under subdivisions 2 and 3 of sec. 3910.—*L. & N. v. Handley,* 56 South. 539; *L. & N. v. Winn,* 166 Ala. 413; *Bir-Co. v. Skelton,* 149 Ala. 465; *Ala. S. & W. Co. v. Wrenn,* 136 Ala. 494; *Woodward v. Anderson,* 114 Ala. 243. Charge 16 was properly refused.—*T C. & I. v. Gandy,* 160 Ala. 594; *McVay v. White,* 158 Ala. 182. Charge 18 was properly refused.—LeBat., secs. 14 and 99; *Sloss-S. v. Holloway,* 144 Ala. 280. Charges 20 and 21 were properly refused.—*L. & N. v. Herndon, supra; W. Pratt*

*C. Co. v. Andrews,* 150 Ala. 368. It was not necessary
to prove who was the superintendent under the count
drawn under the 3rd subdivision of the Liability Act.—
*Bridges v. Tenn. Co.,* 109 Ala. 287.

PELHAM, J.—The appellee sued the appellant,
claiming $5,000 damages for personal injuries alleged
to have been received by him while in the employ of
the defendant, on account of the falling upon him of a
pile or stack of brick, and recovered a judgment for
the sum of $100, from which this appeal is prosecuted.

The first assignment of error challenges the correct-
ness of the ruling of the trial court in overruling the
appellant's demurrers to the third count of the com-
plaint. This count is framed under subdivision 2 of the
Employer's Liability Act (Code, § 3910, subd. 2), at-
tributing the injury to the negligence of a person hav-
ing superintendence intrusted to him, whilst in the ex-
ercise of such superintendence. While the allegation of
negligence in this count is general, it is sufficient under
the rulings of the Supreme Court. The count is evi-
dently drawn under the authority of the case of *Creola
Lumber Co. v. Mills,* 149 Ala. 474, 42 South. 1019, and
the appellee states in brief that the count was copied
from this case. Its allegations are sufficient, as tested
by the holdings of that case.

The appellant's second and third assignments of er-
ror are directed at the court's rulings in sustaining
plaintiff's demurrer to plea No. 2 as an answer to
counts 3 and 4 of the complaint. Plea No. 2 is one of
assumption of risk, and counts 3 and 4 are based on
the second and third subdivisions, respectively, of the
Employer's Liability Act. The demurrers were prop-
erly sustained, as an employee does not assume the
risk of injury arising from such causes, and the as-
sumption of risk cannot be pleaded to an action based

on subdivisions 2 and 3 of section 3910 of the Code, known as the Employer's Liability Act.—*L. & N. R. R. Co. v. Handley*, 174 Ala. 593, 56 South. 539; *L. & N. R. R. Co. v. Wynn*, 166 Ala. 413, 51 South. 976; *A. G. S. R. R. Co. v. Brooks*, 135 Ala. 401, 33 South. 181; *Ala. Steel & Wire Co. v. Wrenn*, 136 Ala. 475, 34 South. 970; *Birmingham Min. & Const. Co. v. Skelton*, 149 Ala. 465, 43 South. 110; *Woodward Iron Co. v. Andrews*, 114 Ala. 243, 257, 21 South. 440.

What have we said in reference to plea No. 2 as not being a good answer to counts 3 and 4 of the complaint disposes of the fourth assignment of error, as the charge (No. 15) refused to the defendant and made the basis of this assignment required a finding for the defendant predicated entirely on facts showing an assumption of risk by the plaintiff.

The fifth and ninth assignments of error are discussed together by appellant. There is some evidence shown by the testimony set out in the bill of exceptions affording a basis for a finding by the jury, as referred to the alleged negligence of Oscar Nunn (which is made the gravamen of the fourth count of the complaint), as a person to whose orders plaintiff was bound to conform. The general charge was properly refused to the defendant with respect to this count, and, as charge No. 16 is an instruction to find for the defendant without regard to the cause of action presented under the allegations of this count (which there was evidence to support), there can be no error predicated upon a refusal to give the charge.

The seventh and eighth assignments go to the refusal of the court to give the general charge for the defendant on the third and first counts of the complaint, and assignment No. 6 is based on the court's refusal to give

the general charge in behalf of the defendant on the whole complaint. On the evidence set out in the bill of exceptions the plaintiff was entitled to have his case presented to the jury on the causes of action set out in the first and third counts of the complaint. The first count alleged the negligence of the defendant to be due to the failure of the defendant to furnish the plaintiff a reasonably safe place in which to work, and the plaintiff's evidence was sufficient to require a submission of the question of negligence in this particular to the jury.

The third count is based on the second subdivision of the employer's liability act. A negligent order may result from the failure to refrain from giving an order under conditions that will probably result in injury because of some defective instrumentality, as well as the giving of a negligent order.—Labatt on Master & Servant, § 14. See, also, *Sloss-Sheffield Steel & Iron Co. v. Green*, 159 Ala. 178, 49 South. 301; *Sloss-Sheffield Steel & Iron Co. v. Holloway*, 144 Ala. 280, 40 South. 211. There being no error in refusing the general charge on either the first or the third count, it follows that the general charge on the whole complaint was properly refused.

Charge No. 21, made the basis of the tenth assignment of error, is an instruction to find for the defendant on the theory of the assumption of risk, and this is not a good defense to counts 3 and 4 of the plaintiff's complaint. Demurrers had been properly sustained to the plea setting up assumption of risk as an answer to counts 3 and 4, and we discussed this question in disposing of assignments 2 and 3.

Charge No. 22, upon which appellant predicates the eleventh assignment of error, requires the plaintiff to show that Oscar Nunn had superintendence intrusted

to him. The count of the complaint counting on the negligence of this person (count 4) is not under subdivision 2 of the Employer's Liability Act, providing for the liability of the master due to the negligence of one having superintendence intrusted to him, but is under subdivision 3, providing a liability when the injury is occasioned by reason of the negligence of a person in the service of the employer to whose orders or directions the servant was bound to conform. It was only necessary to a recovery on any one of the several counts drafted under the different subdivisions of the act that the plaintiff prove the essential allegations of negligence in respect to a particular count, where the elements of the different subdivisions were not commingled and declared on in the same count. The two subdivisions are not to be taken as covering the same field, but to authorize a distinct cause of action based on the provisions of each separate subdivision.—*Bridges v. Tennessee C. I. & R. R. Co.,* 109 Ala. 287, 19 South. 495; *L. & N. R. Co. v. Fitzgerald,* 161 Ala. 397, 49 South. 860.

We have considered and discussed all of the errors insisted upon by appellant, and find no error authorizing a reversal. An order affirming the judgment appealed from will be entered.

Affirmed.