# United States C. I. P. & F. Co. *v.* Warner.

### Injury to Servant.

(Decided December 7, 1916. Rehearing denied January 18, 1917. 73 South. 936.)

1. Master and Servant; Injury to Servant; Complaint.—A count framed under subdivision 1, § 3910, Code 1907, stating that the injuries complained of and described were proximately caused by reason of a defect in the condition of the defendant's ways, works, machinery or plant, etc., in the words of the statute "in this, that the valve on said engine was defective," sufficiently averred the proximate cause of the injury.

2. Jury; Empanelling; Qualifying.—In personal injury action, where the defendant was insured against liabilities by only one insurance company it was not necessary for the court to qualify the jury by asking them whether or not in fact they own an interest in or work for any corporation other than the defendant corporation, and if so, to give the name of the corporation but the court could properly qualify the jury as to the one insurance company insuring the defendant.

3. Master and Servant; Injury to Servant; Instructions.—A charge that if the risk of injuries which plaintiff received was as well understood by him as by the defendant, there must be verdict for the defendant, was properly refused because confusing and not correctly stating the doctrine of "volenti non fit injuria" as applied to the evidence in this case.

4. Same.—A charge that if the defects complained of by the plaintiff were as open and obvious to him as to the defendants and as well understood by him as by the defendant, and if he was fully aware thereof and if with full knowledge of these facts plaintiff undertook to do what he did there must be verdict for the defendant, was properly refused for the reason stated above.

5. Same.—Where the action was by an employee for injuries while operating a crane as an engineer caused by a leaky valve unexpectedly starting the machinery, a charge that if the valve was defective and leaked steam and plaintiff knew of this and understood the operation of the crane and the effect of the steam when turned on or loosened through the valve, and if plaintiff understood the use of the hammer and the chisel he was using, and understood the nut he undertook to tighten and its condition, and that with

such knowledge he voluntarily undertook to tighten the nut in the manner as testified to by him, verdict must be for the defendant was properly refused for the reason stated above.

6. **Same; Evidence.**—The condition of the nut plaintiff claimed to be driving up at the time he was injured was relevant as tending to explain his presence on that part of the crane.

7. **Same; Defects; Jury Question.**—The evidence was conflicting as to the defective condition of the steam valve and this made its condition a question for the jury.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Alex. Warner against the United States Cast Iron, Pipe & Foundry Company for damages while engaging in its employment. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count, after stating the relation as that of employer and employee, alleges that:

Plaintiff, as an engineer, was operating a crane, and while engaged in that duty, and while driving a nut on the crosshead pin, the nut which was worn to such an extent that in order to turn it a hammer and chisel was used, the engine suddenly started while plaintiff was endeavoring to drive on said tap, thereby causing plaintiff to miss the chisel, and the weight of the hammer which plaintiff was using jerked plaintiff's wrist out of place and broke or fractured one or more of the bones in his wrist. (Here follows catalogue of injuries.) And plaintiff avers that his said injuries were proximately caused (following the words of the statute) in this, that the valve on said engine was defective.

The following charges were refused to defendant:

(3) The court charges the jury that, if you believe that the risk of the injuries plaintiff received was as well understood by plaintiff as it was by defendant, then your verdict must be for defendant.

(4) If you believe and find from the evidence that the defects complained of by plaintiff were as open and obvious to him as to the defendant, and as well understood by him as by defendant, and that he was fully aware thereof, and you further believe and find that the risk of the injuries the plaintiff received were as well understood by plaintiff as by defendant, and with the full knowledge of all these facts plaintiff undertook to do what he did, your verdict must be for defendant.

(5) If you believe and are reasonably satisfied from the evidence that the valve of the crane engine was defective and leaked steam, and that plaintiff knew of this, and understood the operation of a crane, and the effect of steam when turned on or leaked through the valve of it, and if you further believe that plaintiff understood the use of the hammer and chisel he was using, and that he understood the nut he undertook to tighten, and its condition, and that he voluntarily, with such knowledge, undertook to tighten the nut in the manner as testified by him, then your verdict must be for defendant.

(6) You cannot consider the nuts of the crosshead bolts or their condition as giving any right of action or complaint on the part of plaintiff.

ESTES & JONES, for appellant. W. J. WHITAKER and FRANK DOMINICK, for appellee.

THOMAS, J.— (1) The first count of the complaint was that on which the trial was had. It charged a defect under the first subdivision of section 3910 of the Code of 1907. The defendant pleaded the general issue "and in short by consent with leave for both parties to offer evidence of any matter which, if properly pleaded, would be a good plea, replication," etc.

The proximate cause of the injury is sufficiently averred under the numerous adjudications of this court.—*Sloss-Sheffield, etc., Co. v. Dobbs,* 187 Ala. 452, 65 South. 360; *Standard Port. Cem. Co. v. Thompson,* 191 Ala. 444, 67 South. 608; *Little Cahaba Co. v. Gilbert,* 178 Ala. 515, 59 South. 445; *Smith v. Watkins,* 172 Ala. 502, 55 South. 611; *B. T. Co. v. Reville,* 136 Ala. 335, 34 South. 981; *Wolf v. Smith,* 149 Ala. 457, 42 South. 824, 9 L. R. A. (N. S.) 338; *Creola Lumber Cc. v. Mills,* 149 Ala. 474, 42 South. 1019; *T. C., I. & R. R. Co. v. Moore,* 194 Ala. 134, 69 South. 540; *Harbison-Walker Ref. Co. v. Ross,* 8 Ala. App. 631, 62 South. 1009. The authorities relied on by appellant are not in conflict with this view.

The case of *Huyck v. McNerney,* 163 Ala. 244, 50 South. 926, expressly states that the count was not drawn under the Liability Act, but was for a breach of the common-law duty in respect to furnishing instrumentalities employed in the business of the master. The court say of the count: "It is sufficient in its general averments—practically conclusions—of negligence.—

*Laughran v. Brewer,* 113 Ala. 509, 21 South. 415, among many others. While sufficient in this particular, it is deficient in other particulars. The measure of the master's duty in this regard is not to furnish good and safe instrumentalities, but that he shall furnish instrumentalities reasonably safe and suitable, such as a prudent man would furnish if his own life were exposed to the danger that would result from unsuitable or unsafe appliances."

The objection made to the count in *Sloss-Sheffield Co. v. Mobley,* 139 Ala. 425, 36 South. 181, was that, while it ascribed the intestate's death to the negligence of an engineer in charge of an engine, it did not aver "that the engine was on a railway." This fact was essential to a cause of action, under subsection 5 of section 1749 of the Code (1896).

The decision in *Louisville & Nashville Railroad Co. v. Stutts,* 105 Ala. 368, 17 South. 29, 53 Am. St. Rep. 127, did not turn upon the insufficiency of the count, but upon the fact that the evidence showed that it was not a defective stop block that caused the injury, but rather the weight of the engine and the resistless force with which it was propelled by the engineer. The court said: "The causal connection between the block and the injury was lacking.—*Western Railway of Alabama v. Mutch,* 97 Ala. 194 [11 South. 894, 21 L. R. A. 316, 36 Am. St. Rep. 179]."

In *Wilson v. Louisville & Nashville Railroad Co.,* 146 Ala. 285, 40 South. 941, 8 L. R. A. (N. S.) 987, the count undertook to aver the quo modo, and the court said:

"The count as to this causal connection goes no further than to aver in a very general way * * * that plaintiff suffered said injuries and damage by reason and as a proximate consequence of the violation of said ordinance by the servant or agent of defendant, acting in the scope of his authority. Proceeding, the count sets out the mode or manner of his violation. * * * There must have been something done by defendant's servant, to cause the plaintiff's team to run away, and what this act was, as an efficient cause for plaintiff's injuries, and it ought to have been averred. If the count had alleged that, in consequence of the unnecessary 'blowing off of steam' and 'unusual noise' of the engine, the team was frightened and made to run away, inflicting the injuries complained of, a different case would have been presented."

So the case of *Louisville & Nashville Railroad Co. v. Williams,* 113 Ala. 402, 21 South. 938, but pointed out the insufficiency of

[United States C. I. P. & F. Co. v. Warner.]

a complaint in an action by an administrator against a railroad company for damages for a wrongful act or omission causing the death of plaintiff's intestate for a wrong committed in the state of Tennessee, and contained no averment of the existence of any statute in that state conferring a right or remedy for the recovery of damages for such a wrong.

(2) The second, third, and fourth assignments challenge the action of the trial court in qualifying the jury. The bill of exceptions recites:

"After the court had qualified the jury as to the parties and their attorneys, the plaintiff moved that the court qualify the jury as to the Employers' Liability Assurance Corporation, Limited, on the ground that said Assurance Corporation was a liability insurance company, and the defendant carried a policy with said company by the terms of which said insurance company was obligated to pay any judgment found against the defendant in this suit. The defendant objected to so qualifying the jury on the ground that it was singling out a particular corporation, and because it was just a way of informing the jury that an insurance company was defending the suit, or was carrying the risk for the pipe company, and because it would tend to prejudice the jury against the defendant. The defendant thereupon, and before the court ruled on the above question, suggested in his argument thereon to the court, and insisted, that if the court grant the motion, after overruling the objection, the court qualify the jury by asking them whether or not any of them owned any interest in or worked for any corporation other than the defendant company, and, if so, give the name of the corporation. * * * Thereupon the court qualified the jury as to said insurance company, Employers' Liability Assurance Corporation, Limited, and to this action of the court the defendant then and there duly reserved an exception. * * * The defendant agreed to and did waive proof of said motion and of the fact that the said Employers' Liability Assurance Corporation, Limited, carried liability policy indemnifying defendant against loss in this suit."

No error was thus committed by the trial court. Mr. Justice MAYFIELD has clearly pointed out the duty of the court and of counsel in the qualification of jurors, and in motions thereof, in *Citizens, L., H. & P. Co. v. Lee,* 182 Ala. 561, 62 South. 199; *Beatty v. Palmer,* 196 Ala. 67, 71 South. 422. See, also, *Sovereign*

*Camp, Woodmen of the World v. Ward,* 196 Ala. 327, 71 South. 404, touching qualifications as to interest or bias of jurors.

(3- 5) Refused charges 3, 4, and 5 were properly refused as confusing, and not correctly setting up the doctrine of "Volenti non fit injuria"—*Burnwell Coal Co. v. Setzer,* 191 Ala. 398, 405, 67 South. 604; *Standard Port. Cement Co. v. Thompson,* 191 Ala. 444, 67 South. 576, 69 South. 4; *Sloss-Sheffield Co. v. Stapp,* 195 Ala. 340, 70 South. 267; *Wilson v. Gulf States Co.,* 194 Ala. 311, 69 South. 921; *U. S. C. I. P. Co. v. McCoy,* 196 Ala. 45, 71 South. 406; *Reynolds v. Woodward I. Co.,* 199 Ala., 74 South. 360, as applied to the evidence in this case.

(6) The condition of the nut on the crosshead at the time of the injury was relevant. This evidence tended to explain plaintiff's presence on that part of the crane, and his act of driving up the same, as he was attempting to do when he sustained his injury. Charge 6 was properly refused.

(7) The plaintiff's testimony was to the effect that the steam valve on the engine was defective, and that he informed the superintendent of that fact two or three days before his injury. While the master mechanic, as a witness for defendant, did not testify that the valve was not defective, yet other of defendant's witnesses did so testify. But the jury saw and heard the witnesses, and they returned a verdict for the plaintiff; and the trial judge refused the motion for a new trial. The conflicting tendencies of the evidence made it a jury question.—*Amerson v. Corona Coal & Iron Co.,* 194 Ala. 175, 69 South. 601; *Tobler v. Pioneer Mining & Mfg. Co.,* 166 Ala. 517, 52 South. 86.

Under the rule long prevailing in this state (*Cobb v. Malone,* 92 Ala. 630, 9 South. 738; *N. C. & St. L. Ry. Co. v. Crosby,* 194 Ala. 338, 70 South. 7), the trial court committed no error in refusing the motion for a new trial.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur.