(87 South. 218)
MUNSON S. S. LINE v. DRAYTON.
(1 Div. 371.)

(Court of Appeals of Alabama. Nov. 9, 1920. Rehearing Denied Dec. 7, 1920.)

TRIAL ⬥108½—MANNER IN WHICH COURT QUALIFIED JURY AS TO SUPPOSED INDEMNITOR OF DEFENDANT STEAMSHIP COMPANY NOT REVERSIBLE ERROR.

Where court in personal injury action struck out statement of counsel that real defendant was an insurance company, but permitted counsel to examine witnesses as to whether there was in fact another person interested in the suit so that jury could be qualified as to such a party, and on examination it appeared that there was an insurance company, but witness did not know the name thereof, but stated the name of company's attorneys, and court qualified jury as to the attorneys, there was no reversible error.

Appeal from Circuit Court, Mobile County; C. A. Grayson, Judge.

Action by Elliott Drayton against the Munson Steamship Line. From judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied 87 South. 219.

Palmer Pillans and Alexis T. Gresham, both of Mobile, for appellant.

Evidence that the defendant is indemnified against pecuniary loss because of injury to plaintiff is illegal and inadmissible. 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565; 202 Ala. 32, 79 South. 370; 11 Ala. App. 545, 66 South. 863; 206 N. Y. 20, 99 N. E. 85, Ann. Cas. 1914A, 947; 201 N. Y. 479, 95 N. E. 10, Ann. Cas. 1912B, 321; 170 Ala. 635, 54 South. 62; 33 Colo. 315, 80 Pac. 894, 3 Ann. Cas. 552; 99 Minn. 97, 108 N. W. 891, 9 Ann. Cas. 318; 142 S. W. 959.

Reference by counsel or court to the fact that the defendant is insured against loss is improper and prejudicial. 16 Ala. App. 438, 78 South. 636; 123 App. Div. 376, 107 N. Y. Supp. 936; 26 Okl. 665, 110 Pac. 884, L. R. A. 1918D, 1.

Alex. T. Howard, of Mobile, for appellee.

There is no error in the action of the court in reference to qualifying the jurors. 182 Ala. 561, 62 South. 199; 196 Ala. 67, 71 South. 422; 198 Ala. 595, 73 South. 936.

MERRITT, J. We note in appellant's brief that—

"The errors insisted upon really amount to but one question, that is: Did the manner in which the trial court handled the attempt of the plaintiff to qualify the jury as to a supposed indemnitor, under the facts brought out in evidence, constitute prejudicial error to appellant. It is respectfully insisted by appellant that it did, and for the purpose of reviewing this question alone it brings this appeal."

This is an action for damages for personal injuries by the appellee, Elliott Drayton, against appellant, the Munson Steamship Line, claimed to have been sustained by appellee while in the employ of appellant. The bill of exceptions recites that—

"The plaintiff asked leave of the court to qualify the jury further by asking them the same questions as to the real defendant in the case as were asked the jury by the court as to the nominal defendant, the Munson Steamship Line—that is, by asking the same questions as to the insurance company that is defending the suit—and for the purpose of getting the real name of that insurance company counsel for plaintiff asked leave to examine a witness.

"The defendant objected to the statement made by counsel for plaintiff that the real defendant is an insurance company as being improper and intended to be prejudicial to the defendant. The court sustained objection as being improper, but the court stated that, if counsel for plaintiff states to the court that he expected to show that some one else is interested in this suit, the plaintiff would be allowed to have the jury qualified further.

"Solicitor for plaintiff stated that he expected to show that fact, and asked leave of the court to call and swear as a witness Capt. Erickson.

"Capt. Erickson was thereupon called as a witness by the plaintiff, and, after having been first duly sworn, testified as follows:

"Examination by Mr. Howard:

"Q. The Munson Steamship Line is a corporation organized under the laws of the state of New York? A. I could not tell you that.

"Q. It is a corporation? A. Yes, sir; but whether organized in New York or New Jersey I don't know.

"Q. Do you know whether or not in the case that is now on trial, Elliott Drayton v. Munson Steamship Line, that the Munson Steamship Line is insured against any loss that comes to them?

"The defendant objected to the question as being irrelevant, incompetent, and immaterial, the action being against the Munson Steamship Company, and not being a matter of whether there is or is not a contract of indemnity between the defendant and any insurer. The court overruled the objection, and the defendant reserved exception.

"Q. I will ask you if it is not insured against either all or part of the loss in this case?

"The defendant objected to the question upon the same grounds assigned in last preceding objection. The court overruled objection, and defendant reserved exception.

"A. I know they are insured against liability, but whether it is all or part I don't know. I don't know the extent of the indemnity.

"Q. Do you know the name of the insurer?

"The defendant objected to the question on the same grounds. The court overruled objection, and defendant reserved exception.

"A. I don't know the name, but Johnson & Higgins handles the cases for them.

"Q. Is that the firm of Johnson & Higgins of New York City?

"The defendant objected to the question on the same grounds. The court overruled objection, and defendant reserved exception.

"A. Yes, sir.

"The plaintiff thereupon asked that the jury be further qualified.

"The court further qualified the jury by asking the following questions: 'Are any of you gentlemen employés, stockholders, or interested in the firm or corporation of Johnson & Higgins of New York City?' and 'Any of you know of any reason why you cannot fairly and impartially try the issues joined between the plaintiff, Elliott Drayton, and the defendant, the Munson Steamship Line?'"

In the case of Citizens' L., H. & P. Co. v. Lee, 182 Ala. 561, 62 South. 199, the Supreme Court has clearly pointed out the duty of the trial court and of counsel in the qualification of jurors, and in motion thereof, and a consideration of the action of the trial court in the instant case convinces us that no reversible error was committed.

The conduct of counsel and the qualifying of jurors has also been before our Supreme Court in the following cases: Beatty v. Palmer, 196 Ala. 67, 71 South. 422; United States C. I. P. & F. Co. v. Warner, 198 Ala. 595, 73 South. 936; Sovereign Camp, Woodmen of the World, v. Ward, 196 Ala. 327, 71 South. 404. These cases are in line with the Citizens' etc., Co. v. Lee Case, supra, and indicate to us the correctness of the ruling in the case at bar.

Finding no error, the cause must be affirmed.

Affirmed.