# Gray Eagle Coal Co. *v.* Lewis.

### *Injury to Employe.*

(Decided May 24, 1909. 49 South. 859.)

1. *Master and Servants; Injury to Servant; Complaint.*—A complaint alleging that the defendant failed to furnish plaintiff with a safe place to work is a sufficient allegation of negligence in that respect under our system of pleading.

2. *Same; Issues and Proof.*—Where a count in the complaint ascribes the injury to the negligence of one Foster who was in defendant's employment and whose name is now, otherwise unknown to plaintiff" it is not a material variance or material failure of proof for plaintiff to fail to prove his knowledge otherwise with reference to Foster's name.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by George Lewis against the Gray Eagle Coal Company for injuries to plaintiff while employed in

defendant's mine by an explosion of gas. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 4 avers the duty of the defendant to employ safe, fit, and competent persons or servants to carry on its said business, and that defendant negligently failed to perform his said duty in this, to wit, it had in its employment one Foster, whose name is to the plaintiff now otherwise unknown, and to whom was intrusted the duty of inspecting and seeing that plaintiff's place of work was free from gas and safe. It further charges incompetency and unfitness of Foster, of which defendant had notice, or by the exercise of reasonable care could have known, and as a consequence the plaintiff's injuries, etc. The demurrer to this count takes the point that said count does not allege or show wherein or in what manner defendant negligently failed to perform its duty to plaintiff, or in what manner and how said Foster was incompetent and unfit for the duties to plaintiff with which he was charged, and how said Foster negligently failed to inspect plaintiff's said place of work.

E. C. CROWE and CABANISS & BOWIE, for appellant. The count should have alleged that the master knew or ought to have known of the defective or dangerous place of work where the injury occurred.—*M. & O. v. George,* 94 Ala. 199; 26 Cyc. 1390. It should further allege that the place whose dangerous or defective condition occasioned the injury was owned or controlled by the master.—*L. & N. v. Hall,* 87 Ala. 26 Cyc. 1391. A complaint based on the theory of the master's negligence in selecting or retaining in his service an incompetent servant should allege that the servant was incompetent, that the master negligently employed or retained him with knowledge actual or constructive of his in-

[Gray Eagle Coal Co. v. Lewis.]

competency, and that the injury was caused by the negligence of such fellow servant.—*Clements v. A. G. S.,* 127 Ala. 171; 26 Cyc. 1393. The complaint should have averred that the name of the person intrusted with the superintendence was unknown to the plaintiff or the name must be set out in the complaint and like all other averments, it must be proven.—*Woodward I. Co. v. Herndon,* 114 Ala. Ala. 191; *Southern Ry. v. Cunningham,* 112 Ala. 496.

STALLINGS & DRENNEN, for appellee. There was no error in overruling demurrer to the 4th count of the complaint.—*Woolf v. Smith,* 149 Ala. 457; *Mascot C. Co. v. Garrett,* 47 South. 149; *Ala. Chem. Co. v. Niles,* 47 South. 239; *Ala. C. C. & I. Co. v. Hannon,* 47 South. 248. Nor was there error in overruling demurrer to the 4th count.—*Conrad v. Gray,* 109 Ala. 130; *A. G. S. v. Bayles,* 142 Ala. 134; *Walker v. Bolling,* 22 Ala. 294; *Tyson v. S. & N. A. R. R. Co.,* 61 Ala. 554; *Nat. Bank v. Campbell,* 144 Ala. 283. The court did not err in refusing the affirmative charge.—*Sanders v. Steen,* 128 Ala. 633; *Sanders v. Edmonds,* 98 Ala. 157; 100 Ala. 433; 130 Ala. 633; 132 Ala. 264; 139 Ala. 237.

SAYRE, J.—That part of count 5 material to be here noted charged that the "defendant negligently failed to furnish plaintiff with a reasonably safe place to work." The demurrer was that the count failed to allege or show how or wherein defendant negligently failed to furnish a safe place. This manner of averment, though little more than a mere conclusion, has often been held to satisfactorily meet the requirements of our system of pleading.—*Ga. Pac. Ry. v. Davis,* 92 Ala. 300, 9 South. 252, 25 Am. St. Rep. 47; *Mary Lee Coal Co. v. Chambliss,* 97 Ala. 171, 11 South. 897; *Armstrong v.*

*Street Ry.,* 123 Ala. 233, 26 South. 349; *L. & N. R. R. v. Marbury,* 125 Ala. 237, 28 South. 438, 50 L. R. A. 620. Like considerations dispose of the single objection taken by the demurrer to count 4 of the complaint.

In three of the four counts upon which the case was tried plaintiff's injury is attributed to the negligence of "to wit, one Foster, whose name is now otherwise unknown to plaintiff." In the evidence there is repeated reference to Mr. Foster. It is insisted that the defendant was entitled to the general affirmative charge as to the three counts, for the reason that there was no proof as to the plaintiff's knowledge in respect to Foster's name "otherwise." Conceding that the plaintiff failed to make out his case under the other one of the four counts, it is to be said in reference to the three containing this allegation that, whatever may be the meaning of the allegation, its presence in the complaint was not objected to. It had no essential relation to any matter which in point of law was needful to plaintiff's claim or defendant's defense. The failure to prove it as alleged will not be treated as either a material variance or a material failure of proof.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.