# Smith *v.* Watkins & Donelson.

*Injury to Servant.*

(Decided May 18, 1911.   55 South. 611.)

*Master and Servant; Injury to Servant; Negligence; Complaint.*—The allegation in a complaint that the master negligently failed to furnish the servant with a reasonably safe place to work, being the equivalent of the allegation that the master failed to exercise reasonable care and. skill to furnish a safe place, is a sufficient allegation of negligence in that regard.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Ben Smith against B. O. Watkins and J. E. Donelson, doing business under the firm name of Watkins & Donelson. From a judgment sustaining demurrer to the complaint, plaintiff appeals. Reversed and remanded.

The complaint is as follows: "Plaintiff claims of defendant $30,000 damages, for that on, to wit, May 24, 1910, plaintiff, while in the employ of defendant, and while engaged in the actual performance of the duties of said employment, was injured in Jefferson county,

[Smith v. Watkins & Donelson.]

state of Alabama, as follows: The excavation in which plaintiff was at work fell in. (Here follows a catalogue of his injuries, with special damages; the injuries being alleged to be permanent.) Plaintiff avers that said injury was proximately caused by the negligence of the defendant, which negligence consisted in this: The defendant negligently failed to provide the plaintiff with a reasonably safe place for him to perform the duties of his employment in." The demurrers were that it fails to show the nature of the work in which plaintiff was engaged; also fails to show, except by way of conclusion, that the defendant breached any duty owed the plaintiff, because the complaint shows on its face that the plaintiff was constructing the place in which he was working, and under such circumstances no duty as alleged in the complaint rested upon the defendant.

DENSON & DENSON, for appellant. The complaint is clearly sufficient.—*Gray Eagle Coal Co. v. Lewis*, 161 Ala. 417; *Woolf v. Smith*, 149 Ala. 460; *Watford v. Ala. F. L. Co.*, 152 Ala. 185.

ULLMAN & WINKLER, for appellee. The court properly sustained demurrers to the complaint.—*Merriwether's Case*, 161 Ala. 451; *Huyck v. McNerney*, 51 South. 928, and cases cited in appellant's brief. See also *Tabler v. Pioneer M. & M. Co.*, 52 South. 95; *T. C. I. & R. R. Co. v. King*, 50 South. 75.

ANDERSON, J.—While it is not the absolute and unqualified duty of the master, under the common law, to furnish the servant a safe place in which to do his work, it is his duty to exercise reasonable skill and care to afford the servant a reasonably safe place within which to do his work, and under our system of pleading the averment that the master "negligently" failed to

furnish or provide a reasonably safe place is the equivalent of averring that he failed to exercise reasonable skill and care to furnish a safe place, and is sufficient; and the complaint in the case at bar meets the former rulings of this court, and was not subject to the defendant's demurrers.—*Gray Eagle Co. v. Lewis,* 161 Ala. 417, 49 South. 859; *Wolf v. Smith,* 149 Ala. 460, 42 South. 824, 9 L. R. A. (N. S.) 338. The complaint in the instant case is unlike the counts condemned in the case of *Merriweather v. Sayre Mining & Mfg. Co.,* 161 Ala. 451, 49 South. 916, and *Huyck v. McNerney,* 163 Ala. 244, 50 South. 926. The pleader, in count 13 in the *Merriweather Case, supra,* was not content with charging a negligent failure to furnish a reasonably safe place, but followed it up with charging, in effect, that it was the master's imperative or unqualified duty to do so, when under the law he is only required to use reasonable care and skill in affording the place, and this was the theory upon which count 13 was condemned in said *Merriweather Case.* Count 1 in the *Huyck Case, supra,* also charged that it was the duty of the defendant to have in the building "good and safe tools." The court condemned the count upon the theory that it was not the duty of defendant to furnish good and safe tools, but that his obligation was discharged if he furnished instrumentalities reasonably safe and suitable. The count in the case at bar has no such superfluous charges or averments.

The trial court erred in sustaining the demurrer to the plaintiff's complaint, which contained but one count, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.