# Ragland Brick Co. v. Bell.

### Injury to Servant.

(Decided May 11, 1916.   Rehearing denied June 30, 1916.
72 South. 380.)

1. **Master and Servant; Injury to Servant; Complaint.**—A complaint alleging that plaintiff's injuries were caused by a hammer falling and striking him on the head, and that the injuries proximately resulted by reason of the negligent failure of defendant to furnish plaintiff a reasonably safe place to work, was sufficient in allegation of negligence as a common law action by a servant against the master.

2. **Same; Instructions.**—A charge relieving defendant from liability if the superintendent of defendant warned plaintiff away from the smokestack, was properly refused, where it appeared that the superintendent warned plaintiff away from the top of the stack, but not from the bottom, where he was injured.

3. **Same; Jury Question; Proximate Cause.**—If a servant is injured by being struck by an object falling, he being at the time in the discharge of his duty, and the master has failed to take proper measures to protect him, causal connection between the injury and the failure of the master to protect against it, is ordinarily a question for the jury.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Action by Jeff Bell, by next friend, against the Ragland Brick Company, for damages.   Judgment for plaintiff and defendant appeals.   Transferred from the Court of Appeals under section 6, p. 449, Acts of 1911.   Affirmed.

The second count alleges in effect that plaintiff was employed by defendant at its plant at or near Ragland, St. Clair county, Ala., and that on a certain day, while engaged in the discharge of his duties as such employee, a hammer fell and struck him on

[Ragland Brick Company v. Bell.]

the head, causing certain injuries which are enumerated. It is averred that his said injuries were proximately caused by reason of the negligence of defendant, in this: The defendant negligently failed to furnish plaintiff a reasonably safe place to work.

The following charges were refused to defendant:

(4) The court charges the jury that if they find from the evidence in this case that Superintendent Quillan warned plaintiff to go away from the smokestack and go back to the work assigned him, and if they further find that the boy returned to the work about the smokestack without the knowledge or consent of Quillan, they must find the issue in favor of defendant.

(5) The court charges the jury that if they reasonably find from the evidence that Mr. Quillan warned plaintiff away from the smokestack, and that they boy returned to work about the smokestack, and was there without the knowledge or consent of Mr. Quillan, then plaintiff was there at his own risk, and the jury cannot find a verdict for plaintiff.

EMBRY & EMBRY, for appellant. W. J. EDWARDS and ED S. WATTS, for appellee.

SAYRE, J.— (1) Virtually, by instructions given the jury on request of the defendant, the court eliminated all issues save those raised by the second count of the complaint. As for any exceptions taken by the demurrer the sufficiency of the allegation of a common-law cause of action in this count has been more than once sustained.—*Gray Eagle Coal Co. v. Lewis,* 161 Ala. 415, 49 South. 859; *Smith v. Watkins,* 172 Ala. 502, 55 South. 611.

In this count the action proceeded on the theory that reasonable care for plaintiff's safety in his place required that defendant should have provided against his injury by objects falling from the top of the stack while building. Under the evidence, this was a question for the jury, and while we are inclined to think that a conclusion to the contrary would have been perhaps more reasonable, we do not feel authorized to say as matter of clear law that the jury were wrong. Nor are we authorized to disregard that tendency of the testimony offered by plaintiff going to show that at the time and place of his injury he was engaged in the business for which he was employed and to which he had been directed by agents in authority over him. Aside from plaintiff's testimony, this might have been inferred from the fact that for some days, while in the unquestioned employment of defendant,

[London v. G. L. Anderson Brass Works.]

he had been doing just what he was doing when injured. Defendant's denial, and testimony in support of it was only effective to raise a question for jury decision.

(2) The general charge requested by defendant was refused without error. Charges 4 and 5 were likewise properly refused. The fact that Quillan, defendant's superintendent, at one time warned plaintiff away from the top of the stack as a place too dangerous for a boy, did not necessarily imply that plaintiff was not engaged in the line and scope of his employment, when, for some days afterwards and until the time of his injury, he was carrying brick to the bottom of the stack. But these charges, construed in the light of the evidence, did carry this implication, and were for that reason correctly refused.

(3) If, as plaintiff's evidence tended to show, he was at the time where he needed to be in the proper discharge of the business to which he had been assigned, and if in these circumstances defendant failed to take such measures to protect him against falling objects as common prudence should have suggested, the question of proximate connection between this failure and plaintiff's injury was also a question of fact. To the case thus presented the doctrine of *Western Railway v. Mutch*, 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179, cannot be applied, to the effect that defendant was entitled, as upon a question of law, to defeat plaintiff's recovery. The case was one for the jury under proper instructions, and we find in the record no sufficient reason for interfering with the result.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.