118 So.2d 714

**COMMERCIAL UNION ASSURANCE COMPANY, Limited,**

v.

**COMMERCIAL BANK et al.**

**4 Div. 5.**

Supreme Court of Alabama.

Jan. 21, 1960.

Rehearing Denied March 24, 1960.

Prestwood & Prestwood, Andalusia, for appellant.

386

STAKELY, Justice.

The question for decision in this case is whether under the facts alleged in the bill of complaint, the complainants are entitled to the reformation of a policy of fire insurance.

The bill was filed by The Commercial Bank, an Alabama banking corporation, as trustee for Alabama West Florida Conference of the Methodist Church, and Mrs. Addie Belle Guy as complainants (appellees), against the Commercial Union Assurance Company, Ltd., a corporation (appellant). The court overruled the demurrer to the bill of complaint and from that decree this appeal comes to this court.

Albrittons & Rankin, Andalusia, for appellees.

The allegations of the bill of complaint show in substance the following: Mrs. Addie Belle Guy sold and conveyed to The Commercial Bank, an Alabama banking corporation, as trustee for the Alabama West Florida Conference of the Methodist Church, a certain parcel of land in Andalusia, Alabama, with a dwelling house located thereon. At the time Mrs. Guy was the owner and holder of a fire insurance policy on the house upon which she had prepaid the premium issued in her name as insured by the appellant, Commercial Union Assurance Company, Ltd. As a part of the transaction it was agreed that the trustee bank would assume and pay all 1958 ad valorem taxes on its newly acquired property. In consideration thereof Mrs. Guy agreed that she would and did thereby

transfer and assign to the trustee bank the aforesaid policy of fire insurance. Mrs. Guy was unable to find the policy and could not remember which agent in Andalusia had written the policy. Her transfer and assignment of such policy of insurance to the trustee bank was, therefore, oral.

Immediately upon taking title to the aforesaid property the trustee bank called upon Timmerman Insurance Agency, the Andalusia agent for the appellant insurer, for the purpose of having the outstanding fire insurance policy formally transferred and assigned to it as the new owner and for the purpose of having an endorsement issued naming the trustee bank as the named insured in the policy. The Timmerman Insurance Agency then wrongfully represented and erroneously advised the trustee bank that it had issued no policy on the property in question through any principal or any insurance company which the Timmerman Insurance Agency represented as agent. In truth and in fact the fire insurance policy, which is made the basis of this suit, was at that time outstanding on the property and was in full force and effect and the records of the Timmerman Insurance Agency so revealed and reflected such fact at the time of the inquiry.

Subsequent to the sale of the insured property by Mrs. Guy to the trustee bank but prior to the fire which destroyed such property, the Timmerman Insurance Agency, the agent of the respondent Commercial Union Assurance Company, Ltd., a corporation, had actual notice and knowledge of the transfer of title to the insured property from Mrs. Guy to the trustee bank and the change in ownership to the trustee bank but the outstanding policy was never revoked or cancelled because of such change of ownership and no part of the premium paid by Mrs. Guy was ever returned to her or tendered to her.

On June 6, 1958, slightly less than 60 days after the transfer of the property from Mrs. Guy to the trustee bank, the dwelling house covered by the outstanding fire insurance policy, was completely destroyed by fire. The loss suffered to the property was in excess of the $8,000 policy amount, the loss being towit the sum of $16,128. The appellant insurer was advised of the fire and of the claim asserted by the trustee bank under the policy in question but in response to such advices the appellant simply denied liability generally, advising that it "is not liable under its policy issued to Mrs. Addie Belle Guy; that it had no insurance in force on the involved property, and is not interested in the loss in any way."

The appellant has declined and refused to the date of the filing of this bill to pay any sums whatsoever to either of the complainants under said policy by virtue of the fire loss.

The Timmerman Insurance Agency of Andalusia, Alabama, is such an agent of the appellant as is authorized to countersign and deliver its fire insurance policies and receive premiums therefor and to countersign and issue renewal certificates on its policies.

The First Federal Savings and Loan Association has no interest in the property or in the policy, the mortgage to it having been paid in full and dischargd prior to the sale of the property.

The bill of complaint then alleges the right of the complainants to have the trustee bank named in the policy as the named insured in lieu of Mrs. Guy and alleges that the appellant insurer is estopped to deny its consent or acquiescence in the transfer and assignment of the policy from Mrs. Guy to the trustee bank because of the negligence of appellant insurer in advising the trustee bank that no such policy was in existence or the negligence of appellant's agent, Timmerman Insurance Agency, in so advising that no such policy was outstanding.

The bill seeks recovery of $8,000 under the policy in favor of the trustee bank as its loss under the policy.

A copy of the policy, No. 34008, issued by the Commercial Union Assurance Co., Ltd., through the Timmerman Insurance Agency to Mrs. Addie Belle Guy, Andalusia, Alabama, is attached to the complaint, marked Exhibit A and made a part thereof.

The bill of complaint contains a specific prayer for reformation of the insurance contract so as to name the trustee bank as the named insured therein and a specific prayer for recovery of the $8,000 loss under the policy. The prayer also includes a general prayer for such other, further and different relief to which they may be entitled under the circumstances of the case.

The only assignment of error made by the appellant is,

"(1). The court erred in overruling respondent's demurrer to the bill of complaint."

■ I. In the recent case of American Liberty Ins. Co. of Birmingham v. Leonard, Ala., 115 So.2d 470,[1] in discussing § 59, Title 9, Code of 1940, we stated the bases on which a written policy of insurance could be reformed and said that the contract could be reformed (1) because of mutual mistake of both parties to the contract the contract fails to express the intention of the parties, (2) because of a mistake on the part of one of the parties which the other party knew or suspected, the contract fails to express the intention of the parties or (3) because of fraud the contract fails to express the intention of the parties. In referring to reformation of a unilateral mistake we quoted with approval from Webb v. Sprott, 225 Ala. 600, 144 So. 569, to the effect that reformation may be granted because of a unilateral mistake when there is fraud or inequitable conduct on the part of the other party to the contract.

We consider that the bill shows mutuality of mistake. The mistake was not whether the appellant was the insurer under the policy. The terms of the policy were not and are not now in dispute. However, it was the understanding and intent of both the insurer and the insured, as shown by the provisions of the policy, that the policy could be transferred and assigned to an acceptable transferee. The transferee in this case was not rejected by the appellant as the insurer. There was a mutual mistake when at the time of the conveyance neither Mrs. Guy nor the insurance company knew that this particular insurance company had issued the policy. If at the time of the conveyance there was any reason why the trustee bank was not acceptable to the insurance company, as for example it was in a business which increased the fire hazard, this can still be shown by way of defensive pleading. This situation certainly does not appear from the allegations of the bill. In Copeland v. Keller, 221 Ala. 533, 129 So. 571, 573, it was said, "Assignees or others in privity with the original parties, broadly speaking, succeed to the remedy of reformation."

■ II. The appellant insists that in such instances of transfer a new contract is entered into and the old abandoned. In a sense this is true because of change of parties but it is also the overriding idea from the terms of the original contract that there is a right to assign such a contract with the written consent of the insurer. We believe that it is well known that in such instances the policy is not rewritten but a rider is simply attached, changing the name of the insured.

It will be noted that Mrs. Guy is a party complainant in this suit and the appellee makes the point that Mrs. Guy is a proper party and has an interest in seeing that her assignment of the fire insurance policy is duly recognized. She certainly had a contract under which she had a right to assign the contract and such assignment would be valid with the written consent of the company. It is generally known that not only do insurance companies freely

1. Ante, p. 17.

consent to such assignments when the property insured is conveyed to a new owner, but we think it is also well known that ordinarily in a sale the company will have a policy changed so as to hold on to the business.

We call attention to the allegation that when the property was sold the trustee bank then began taking steps to complete the formalities of the assignment of the policy. It called the Timmerman Insurance Agency, agent for the appellant with power to issue policies, accept premiums and consent to the transfer of policies. The agency advised that no such policy was outstanding. The appellant therefore through its agent made the mistake of advising that it did not have the policy. In 27 Words and Phrases, p. 371, it is said, "a mistake is (1) an unconscious ignorance or forgetfulness of a fact, past or present, material to the contract."

It seems to us that under the facts alleged in the bill the appellant by its conduct through its Andalusia Agency was inequitable and placed the trustee bank in a position of helplessness.

In the case of Hackett v. Cash, 196 Ala. 403, 72 So. 52, 54, this court said:

"Had Hackett attempted to comply with his contract and notified the company, and then the company declined to receive Cash as the beneficiary, we would have a different case, but, as he never undertook to properly transfer the policy and to notify the company, it can avail him nothing to try and excuse himself by saying the company might have rejected Cash as a beneficiary. He should have first complied with his contract and given the company a chance to do so instead of laying down on his contract and attempting to excuse himself upon the merest speculation that the company would not have accepted Cash in his place."

While the case here referred to was a suit by a vendee against the vendor, we think that the principle set forth in the case applies here. Mrs. Guy certainly intended to transfer the policy upon a valuable consideration received by her and as a part of the transaction.

The complainant in our judgment succeeded to the right of Mrs. Guy to have the policy issued in its own name (76 C.J.S. Reformation of Instruments § 53, p. 404), and the company should not be heard to say so far as the demurrer is here concerned, that it has an excuse upon the mere speculation that the company would not have accepted the trustee bank in the place of Mrs. Guy.

We call attention to the fact that the premium on the policy in question had been paid by Mrs. Guy to the appellant and all rights therein assigned to the trustee bank. In Montgomery v. Hart, 225 Ala. 471, 144 So. 101, we held that an oral assignment of a fire insurance policy is a valid and effective assignment. We find no provision in the present policy requiring that the assignment be in writing. It simply required that any assignment be with the written consent of the company. This written consent was unavailable because of the inequitable conduct of the appellant company through its authorized agent.

We do not consider that this policy of insurance can not now be reformed, showing the trustee bank as the named insured or that the trustee bank is not equitably entitled to the proceeds under the policy in reimbursement for its loss. The wrong information given it by the insurer simply places the insurance company in the position of having enjoyed the premiums without running any risk of loss under the policy, such avoidance of risk being through the medium of its own mistake or inequitable conduct. The bill shows that the trustee bank went as far as it could in conforming to the formalities provided in the policy and the appellant is estopped from denying the trustee bank's right to recover. It is now no objection that the

**390**

insurance company did not give its written consent to the change of the name of the insurance. It lost that right when it gave the wrongful and erroneous answer that Mrs. Guy had no policy on the property here involved. Piedmont & Arlington Life Ins. Co. v. Young, 58 Ala. 476, 29 Am.Rep. 770.

III. It is further argued by the appellant that the trustee bank was charged with obtaining another policy of insurance. That is a question, however, which in our judgment would be defensive in the trial of the case and which is provided for by the company's policy in question.

Under "pro rata liability" at line No. 86 of the policy, Exhibit A to the bill of complaint, the following provision is set forth: "This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectable or not."

Assuming that the complainant has prayed for greater relief in the matter of damages than it may be entitled to on a hearing of the cause, this does not make the bill demurrable. In United Steel Workers Union, A.F.L.-C.I.O. v. Manley, 267 Ala. 452, 104 So.2d 306, 309, we called attention to the proposition that "where a bill is sufficient in its allegation of facts to make a case for equitable relief and contains a proper prayer, it is not demurrable because it prays for unwarranted relief." See Creson v. Main, 260 Ala. 318, 70 So.2d 417; Mudd v. Lanier, 247 Ala. 363, 24 So. 2d 550.

Upon careful consideration of the bill we think the court acted correctly in overruling the demurrer.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.