119 So.2d 230

Leroy OSBORNE, d/b/a Osborne & Company Truck Lines,

v.

Audrey MAY, Adm'x.

6 Div. 53.

Supreme Court of Alabama.

March 10, 1960.

Jackson, Rives, Pettus & Peterson and T. M. Conway, Jr., Birmingham, for appellant.

Lipscomb, Brobston, Jones & Brobston, Bessemer, for appellee.

MERRILL, Justice.

This case was originally assigned to another member of the court, and was reassigned to the writer on February 8, 1960.

Appellee, plaintiff below, sued as administratrix for the wrongful death of her husband, Paul Johnson May, deceased, while he was driving a tractor-trailer on a public highway between Mountain Brook and Childersburg, at or near Westover, twenty-five miles south of Birmingham.

The original defendants were American Cast Iron Pipe Company, hereinafter called Acipco, Arrow Truck Line, and the appellant, Leroy Osborne, d/b/a Osborne & Company Truck Lines.

The complaint, as last amended, consisted of one count, alleging in substance that the deceased was an employee of both Arrow and Osborne, and that at the time of his death, he was driving a tractor-trailer on an interstate trip for Arrow and Osborne, common carriers of freight for hire in interstate commerce. The truck was carrying cast iron pipe loaded thereon by Acipco. The complaint charged that the

three defendants negligently caused or negligently allowed the pipe so loaded to become or remain improperly, insufficiently and unsafely secured or fastened or bedded down on the trailer; that the pipe suddenly moved or shifted, rendering the vehicle unmanageable, causing it to run off the highway, throwing the deceased from the truck and his death resulted.

Demurrers being overruled, the pleadings were in short by consent. At the conclusion of the oral charge to the jury, the court gave the general charge in favor of Arrow. The jury returned a verdict in favor of Arrow and Acipco, but against appellant Osborne, for $15,000. Appellant's motion for a new trial was overruled.

Appellant argues 15 of the 129 assignments of error. The first and sixty-fourth complain that the court erred in overruling the demurrer to the complaint, as amended.

■ The complaint, as amended, will be set out by the reporter. Appellant insists that it does not show a duty owed by appellant to his employee. We think the complaint amply shows a relationship of master and servant and that appellee's intestate was engaged in the master's business when he met his death. These averments showing such relationship were sufficient to impose the duty upon the master to provide a safe place to work and safe appliances under the common law. In Huyck v. McNerney, 163 Ala. 244, 50 So. 926, 928, this court said:

"The first count is not drawn to declare a liability under the liability act. It is for a breach of the common-law duty in respect to furnishing instrumentalities employed in the business of the master. 1 Labatt, §§ 22a, 23, and notes; Ryan v. Miller, 12 Daly, N.Y., 77. It is sufficient in its general averments—practically conclusions—of negligence. Laughran v. Brewer, 113 Ala. 509, 21 So. 415, among many others."

In Hinton & Sons v. Strahan, 266 Ala. 307, 96 So.2d 426, 428, we said:

" * * * Under our system of pleading, the averment that the master negligently failed to furnish or provide a reasonably safe place to work is sufficient, and the most general allegation of default therein is permissible. Birmingham Ry., Light & Power Co. v. Buff, 201 Ala. 94, 77 So. 388; Ragland Brick Co. v. Bell, 197 Ala. 14, 72 So. 380; Citizens' Light, Heat & Power Co. v. Lee, 182 Ala. 561, 62 So. 199; Smith v. Watkins & Donelson, 172 Ala. 502, 55 So. 611; Gray Eagle Coal Co. v. Lewis, 161 Ala. 415, 49 So. 859."

We conclude that the demurrer was properly overruled.

Assignment 41 charges error in the court's refusal to give the affirmative charge with hypothesis for the appellant.

■ The tendencies of the evidence viewed favorably to appellee show that appellant was an authorized interstate carrier while Arrow was only an intrastate carrier. Arrow received the job from Acipco but turned it over to appellant under a written "spot" or one trip lease, under which appellant operated the truck and trailer driven by the deceased, and assumed direction and control of the vehicle for the trip from Birmingham to Columbus, Georgia.

The trailer was approximately 32 feet long and 89 inches wide. It was loaded at the plant of Acipco with fifty-four 8 inch cylindrical pipe, 16 feet in length, each pipe weighing 600 pounds, and routed over Highway 91 (now U.S. 280) to Columbus, Georgia. At the time of the loading, the truck was in the charge of one Johnson, who was not an employee of appellant.

These pipe were loaded on the trailer with a locomotive crane. Strips of wood were put in between layers of pipe and no excelsior was used. Johnson fastened the

chains around the pipe. This occurred on Monday, October 22, 1951.

The loaded tractor and trailer was driven by Johnson approximately one-half mile to the Arrow yard where the load was inspected by an employee of Arrow. About midnight, on Tuesday, the deceased left Birmingham with the load. The road was "very hilly and curvy." Pipe loaded, as this pipe was loaded, and being transported over the stretch of highway between Homewood and Westover, would work or slip out. The sections of pipe would slide, some forward and some to the rear. The chains would get loose and the pipe would work out. If they work out the back, all the chains would come loose and the pipe would begin to roll and the driver could not control the tractor. A very little shifting would throw the tractor out of balance.

May was an experienced truck driver. The chains were tight when the load was taken by May. The pipe is fairly slick and without excelsior between the sections of pipe, it will slide. It will be just like two pieces of oily pipe without excelsior. It is usual and customary to load pipe with excelsior or straw between it and it is not good practice to load pipe in the manner it was loaded for a trip over Highway 91 from Birmingham to Columbus. On a trip of this kind, the chains are to be tightened every fifty miles.

Appellant specialized in hauling pipe of various types and was familiar with the rules of the Interstate Commerce Commission with reference to loading and securing the load, and was aware that these rules placed the burden on the carrier and not the shipper. Appellant did not inspect the particular load on which May was killed and did not direct anyone on his behalf to inspect the load.

May had driven about twenty-five miles when he passed Smith's store at Westover, about 2:00 A.M. Wednesday morning, just as Smith and his employee were closing the store. Immediately after the vehicle passed the store, going down grade, they heard the falling of pipe and saw the vehicle still in motion, going down an incline through a field to the right of the highway. May was found dead in the path of the equipment. It appeared that he fell from the truck and was run over. A cigar was clamped tightly between his teeth.

According to tracks of the vehicle, it first swerved to the left over the center line of the highway and then back to the right where it left the highway, and sections of pipe were scattered on the highway and in the ditch on the right side.

It is our opinion that a jury question was presented as to whether the pipe was properly loaded or secured for the trip over the designated highway.

Assignments 45, 46, 47, 48 and 55 are that the court erred in overruling the motion for a new trial because the verdict was not sustained by the great preponderance of the evidence, was contrary to the great preponderance of the evidence, was contrary to the weight of the evidence, or to the great weight of the evidence, or that it was inconsistent with the facts.

Appellee's theory was that several of the pieces of pipe slipped or worked off the trailer, unbalancing the load and causing the vehicle to go out of control.

Appellant showed that May had been treated for epilepsy in 1947, and one of his former associates had seen him afflicted with a seizure.

There were many points of conflict in the testimony, but we are constrained to hold that the trial court did not err in overruling the motion for a new trial for any of the grounds argued in this series of assignments.

Assignment No. 119 predicates error in the overruling of the new trial because the verdict was inconsistent in that Acipco, which loaded the truck, was exonerated, while appellant was found to have been negligent.

■ The evidence shows that the responsibility for loading the vehicle properly was on appellant, not on Acipco. Even though actually loaded by Acipco, still the duty for proper loading was on appellant. And while in conflict, there was evidence that it was neither good practice nor safe to load the pipe on strips of wood for a trip over Highway 91, and that so loaded, the pipe would slip even if the chains were tight. To hold appellant liable, while exonerating Acipco, was not inconsistent.

Assignment of error 59 charges error in overruling the motion for a new trial because the court erred in giving the affirmative charge with hypothesis for Arrow Truck Line.

■ Appellant argues that he delegated the duty of loading to Acipco and the securing and inspection of the load to Arrow. But under the plain terms of the lease between him and Arrow, he assumed this responsibility. Arrow could not make the trip and appellant was required by the lease and the rules of the Interstate Commerce Commission to be responsible, and this duty was such that he could not evade responsibility by claiming that he did not hire the driver and had nothing to do with the entire operation. Section 7 of the lease reads: "The lessee (appellant) shall assume direction and control of the leased vehicle and full responsibility to the public, shippers and consignee for its operation as limited in Item 1." (Item 1 designates the trip from Birmingham to Columbus and states the date it is to be made). There was no error in giving the general charge for Arrow.

Assignment of error 129 charges error in that portion of the court's oral charge in which the jury was told that in the eyes of the law the driver, May, would be an employee of Osborne under the terms of the agreement or lease "and for the purposes of that agreement and that trip," and "as long as this agreement was in effect and on that trip he would be an employee of Osborne."

We think the trial court was correct in view of the fact that appellant had contracted to "assume control and direction of the leased vehicle and full responsibility to the public."

Assignments of error 97 and 121 are predicated upon the action of the court in permitting the witness Johnson, over objection, to read aloud from a pamphlet, certain rules and regulations of the Interstate Commerce Commission applicable to motor carriers and from "Ruling No. 4" by the Director of the Bureau of Motor Carriers, Interstate Commerce Commission.

■ Assuming, without deciding, that this was error, it was rendered harmless by the introduction of both papers without objection by appellant. Error in admitting secondary evidence of the contents of a writing is harmless, where the writing was thereafter introduced into evidence. Steiner v. Tranum, 98 Ala. 315, 13 So. 365; Moore v. Barber Asphalt Paving Co., 118 Ala. 563, 23 So. 798; Union Foundry & Machine Co. v. Lankford, 145 Ala. 667, 39 So. 765. Also applicable is the rule that prejudicial error may not be predicated upon the admission of evidence which has been admitted without objection at some other stage of the trial. Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110, and cases there cited.

Assignment No. 10 charges error in the refusal to give requested charge 28. It is similar to charge 19 in Sloss-Sheffield Steel & Iron Co. v. Thomas, 202 Ala. 231, 80 So. 69. Under our later cases, it would not have been error to refuse to give charge 19 because it used the word "believe" instead of "reasonably satisfied." Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422; Goodwyn v. Gibson, 235 Ala. 19, 177 So. 140; Walker v. Bowling, 261 Ala. 46, 72 So.2d 841; Herrington v. Hudson, 262 Ala. 510, 80 So.2d 519; Firestone Tire & Rubber Co. v. Nixon, 264 Ala. 433, 87 So.2d 829; Jones, Alabama Jury Instructions, § 415.

Charge 28, which is before us, is properly hypothesized, using "reasonably satisfied" instead of "belief." However, we think there is a distinction in the facts in the Thomas case and the instant case. There, "in the many years of experience of the witnesses for the defendant they had never known the powder to explode. Defendant's evidence further tended to show that this was a most unusual accident, and one not reasonably to be anticipated." Here, there was no such evidence from appellant's witnesses, while there was positive evidence for appellee that when pipe was loaded as it was on May's trailer and traveling over the "hilly and curvy" Highway 91, it could be expected that the pipe would slide and slip out, thereby throwing the tractor out of control. The charge was properly refused.

The trial court did give requested charge 30, which was an "unavoidable accident" charge.

Assignment No. 37 charges error in the refusal of charge D. We think this action was correct. The court gave requested charge F, which was ample under appellant's theory of the case.

Assignment No. 4 alleges error in the refusal of charge 32, which dealt with contributory negligence of May. This charge was amply covered by the court's oral charge and given charges 16, 17 and 18.

Assignment No. 19 concerns the refusal of requested charge 11 which sought to apply the "fellow servant doctrine" between Johnson, the driver who took the vehicle from the Acipco yard to the Arrow yard, and the deceased.

■ There was no evidence that Johnson was an employee of appellant; actually the appellant testified that Johnson was not his employee nor on his payroll. Then Johnson could not be a fellow servant of May, because May was appellant's employee for this particular trip. The "fellow servant doctrine" does not apply for there was no proof of a "common master," one of the necessary elements of the doctrine.

Mathews v. Alabama Great Southern R Co., 200 Ala. 251, 76 So. 17.

Having found no reversible error, the judgment is affirmed.

Affirmed.

LAWSON, SIMPSON, STAKELY, GOODWYN and COLEMAN, JJ., concur.