147 So.2d 794

**COMMERCIAL UNION ASSURANCE COMPANY Limited,**

v.

**COMMERCIAL BANK et al.**

**4 Div. 124.**

Supreme Court of Alabama.

Nov. 29, 1962.

Prestwood & Prestwood, Andalusia, for appellant.

Albrittons & Rankin, Andalusia, for appellees.

MERRILL, Justice.

This appeal is from a final decree reforming a fire insurance policy so as to change the name of the insured from the appellee, Mrs. Guy, to the appellee, Commercial Bank, as trustee for Alabama-West Florida Conference of The Methodist Church.

This case was here on appeal from a decree overruling demurrer to the bill in 270 Ala. 385, 118 So.2d 714. We affirmed the decree of the lower court and in that case we set out the allegations much more fully than here.

Mrs. Guy owned a house and lot near The Methodist Church in Andalusia. A donor, who wished to remain anonymous, agreed to buy the house and lot if Mrs. Guy would deed it to the Commercial Bank, as trustee for the Alabama-West Florida Conference of The Methodist Church. At the trial, it developed that the donor was the wife of the trust officer of the Commercial Bank. When the deed from Mrs. Guy to the trustee was executed, the testimony was that the bank agreed to pay six months taxes which had accrued and Mrs. Guy agreed to assign the insurance policy to the bank. The testimony also was that Mrs. Guy, 90 years of age, looked for the policy and could not find it and could not remember the agency with whom she had taken the policy.

The bank called several agencies in Andalusia to ascertain if they had the policy and, in each case, they were told that the agency called had not written the policy. One of the agencies called was Timmerman Agency and Timmerman's bookkeeper told the bank they had not written the policy when, in fact, they had issued the policy for $8,000. The bank then insured the building for $5,000 with another company. Later, the building burned and the bank collected the $5,000 and asked that their policy be reformed so as to collect the $8,000 from appellant.

Assignment of error 2 charges that the court erred in allowing the witness, Roy Reeves, over timely objection, to testify as to a statement made by Mrs. Guy, when Mrs. Guy was a party to the suit and that she could have been present to testify for herself. The witness Reeves had testified that he was present at the execution of the deed

from the Guys to the trustee, and the following transpired:

"Q   Where was that deed executed?

"A   At Mrs. Guy's home.

"Q   Who was present at that time?

"A   Mr. and Mrs. Guy, myself, Powers McLeod and yourself.

"Q   At that time, Roy, did you hear any conversation between the parties there at the signing of the deed as to fire insurance policies or policy on the house that was being sold, and the taxes, etc?

"A   Yes, Mrs. Guy told us that she had insurance on it.

"MR. PRESTWOOD: We object to what Mrs. Guy told them.   She is a party to this suit and she could be present and testify for herself.

"MR. RANKIN: Well, this was a part of the transaction, may it please the Court.

"THE COURT: Overrule."

It will be noted that the only objection was to an answer that Mrs. Guy told the representative of the trustee that she had insurance on the house.

■■   Without intimating that this statement was inadmissible, certain it is that there was no error in admitting it at this juncture.   The policy of insurance was already in evidence showing plainly that Mrs. Guy did have insurance on the property at the time of the transaction, that the premium on the policy had been paid and the policy was then in effect.   The rule is that prejudicial error may not be predicated upon the admission of evidence which has been admitted without objection or motion to exclude at some other stage of the trial. Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110; Osborne v. May, 270 Ala. 327, 119 So.2d 230; Schoen v. Schoen, 271 Ala. 156, 123 So.2d 20.   Assignment 1 is without merit.

The other argued assignments of error, 6 and 7, raise the question that the evidence was not sufficient to support the findings of the court and the decree.

■   There was competent evidence to show that Mrs. Guy conveyed the house in question to trustee bank; at that time Mrs. Guy was the owner and holder of the fire insurance policy in question issued by appellant covering the house, the premiums being paid thereon through and beyond the date of fire; that, as a part of the transaction, trustee bank was to assume and pay all of the 1958 ad valorem taxes on the property which the bank did pay and, in consideration thereof the policy was orally assigned to trustee bank by Mrs. Guy, but the policy could not be found nor could Mrs. Guy remember the name of the Andalusia agent through whom it was issued; that trustee bank immediately called upon all of the leading Andalusia insurance agencies, including Timmerman Insurance Agency, for the purpose of having the policy formally transferred to it; that E. D. Lorraine, an employee of Timmerman Insurance Agency and agent of appellant, answered the call and erroneously stated that the agency did not issue such a policy; that Lorraine had authority to, and customarily did answer such questions concerning policies, including those of appellant; that the records on the policy in question were in the office of Timmerman Insurance Agency and were available to Lorraine; that Timmerman Insurance Agency was the agent for appellant company, authorized to accept premiums for it, keeping the records of its policies and otherwise servicing its policies; that the policy in question was outstanding at the time of fire with premium paid and no premiums on the policy were ever returned or tendered; that on June 6, 1958, within the policy period, the house covered by the policy was completely destroyed by fire; that the cash value or reasonable market value of the insured house immediately prior to the fire was over $16,000; that respondent-appellant denied liability under the policy and declined to pay the loss.

■ We think this evidence supports the decree which reformed the policy as to the name of the insured, found the building to be worth $14,000 prior to the fire, and ordered appellant to pay the amount of the policy to appellee.

■ Some of the evidence was in conflict. Where the testimony is given ore tenus, the judgment or decree of the trial court has the effect of a jury verdict and will not be disturbed upon appeal unless plainly and palpably wrong, and the reviewing court will not substitute its own judgment for that of the trier of facts, even though this court might have reached a different conclusion. Kyser v. Doan, 271 Ala. 229, 122 So.2d 764; Mallory v. Mallory, 272 Ala. 464, 131 So.2d 703, 2A Ala. Dig., Appeal & Error, 1008(1).

No reversible error having been shown, the decree is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.